Filed 5/14/13  P. v. Packer CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA GRAHAM PACKER,<br><br>  Defendant and Appellant. | 2d Crim. No. B239166<br>(Super. Ct. No. 2009045961)<br>(Ventura County) |

Joshua Graham Packer appeals from the judgment following his conviction by jury of misdemeanor hit-and-run driving (Veh. Code, § 20002, subd. (a)); misdemeanor battery (Pen Code, § 242);[1] and attempting to dissuade a witness from reporting a crime (§ 136.1, subd. (b)).[2]  The trial court sentenced appellant to prison for eight months for attempting to dissuade a witness from reporting a crime, with concurrent

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] Appellant was charged with felony attempting to dissuade a witness by force or threat in violation of section 136.1, subdivision (c).  The jury returned a verdict of guilty for the lesser included offense of dissuading a witness in violation of "section 136.1(a) and/or (b)."  Subdivision (a) of section 136.1, prohibits attempting to dissuade a witness from giving testimony, while subdivision (b) of that section prohibits attempting to dissuade a witness from reporting a crime.  As our discussion will explain, the record leaves no question that the jury convicted appellant of attempting to dissuade a witness from reporting a crime.

six-month terms for hit-and-run driving and battery.[3]  Appellant contends that his conviction for attempting to dissuade a witness is based upon a facially defective verdict form, and that the court abused its discretion by sentencing him to state prison for attempting to dissuade a witness, without recognizing and exercising its discretion to impose a misdemeanor sentence pursuant to section 17, subdivision (b).  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

*Prosecution Case*

On December 11, 2009, Damian Perea was home when he heard a loud crashing sound.  He went outside and found that a sports utility vehicle (SUV) had crashed into his parked car.  Appellant stumbled from the SUV.  The men went into Perea's home to exchange information.  Appellant seemed intoxicated and smelled of alcohol, and Perea felt uncomfortable.  They went back outside after appellant wrote some information on a paper.  While holding that paper, Perea said he needed to call 911.  Appellant said he did not want him to call police.  Perea started dialing his cell phone.  Appellant slapped Perea's hand, and grabbed the paper and cell phone from him.  Perea pushed appellant.  Appellant drove away in the SUV.  Perea wrote the SUV license plate number on his hand.

Later, on the same day, appellant called the Ventura Police Department to report a battery.  Officer Morris Rivard spoke with him and told him to file a report in person.  Rivard also offered to meet appellant to take his report.  Appellant declined his offer and hung up.  Rivard testified that appellant sounded like he was under the influence of alcohol or drugs, and his voice was "thick and slurred."

Rivard and Officer Mary Eltz met with appellant on December 12, 2009, after Perea reported the December 11th collision.  Appellant told Eltz that his SUV

---

[3] The court conducted combined sentencing proceedings in this case and in Ventura Superior Court case No. 2009041265.  It ordered that appellant's eight-month prison sentence for attempting to dissuade a witness be served consecutive to his two-year sentence for assault by means like to produce great bodily injury in case No. 2009041265.

"hydroplane[d]" into Perea's vehicle when a water bottle got stuck between his foot and the SUV's accelerator. When appellant learned that Perea had said he smelled of alcohol, appellant said, "If the other person can make up his stories, then I can make mine." Eltz thought appellant meant he and Perea were both lying. Appellant told Eltz that he gave his license and insurance information to Perea but took it back after Perea became upset.

On May 28, 2010, Ventura County District Attorney Investigator Matthew Harvill interviewed Perea. Harvill had arrested appellant several weeks earlier for the 2009 "Faria Beach" murders. Perea mentioned those murders when Harvill interviewed him, but never said that he feared appellant or his friends. Perea told Harvill that appellant was aggressive, that he grabbed and slapped his hand to prevent his calling 911, and took a paper from his hand. Harvill met with Perea again on March 30, 2011. Perea never told Harvill that appellant slipped and fell into him when they exchanged information after the collision.

*Defense Case*

Ventura County Deputy Public Defender Russell Baker saw Perea at a gym in Ventura in April or May 2009. They spoke for about five minutes. Perea told Baker about the traffic collision in which appellant had left the scene. Perea did not tell Baker that appellant had interfered with his calling the police, or that appellant struck or shoved him on the date of the collision.

Ventura County Public Defender Investigator Charles Wiggins testified that he interviewed Perea on April 5, 2011. Perea told Wiggins he thought that Ventura County District Attorney Totten was using Perea to get reelected, that appellant did not try to stop Perea from calling the police and that appellant slipped and fell into him.

DISCUSSION

*Verdict Form*

Appellant contends that the verdict form was facially defective because it is unclear whether the jury found him guilty of attempting to dissuade a witness from giving

3

testimony (§ 136.1, subd. (a)), or attempting to dissuade a witness from reporting a crime (§ 136.1, subd. (b)).  We disagree.

The challenged verdict form reads as follows:  "We, the jury in the above-entitled action, find the defendant, JOSHUA GRAHAM PACKER, <u>GUILTY</u> of violating the lesser crime, section 136.1(a) and/or (b) of the Penal Code, Dissuading a Witness, as alleged in Count 1 of the information."

"'"[T]echnical defects in a verdict may be disregarded if the jury's intent to convict of a specified offense within the charges is unmistakably clear, and the accused's substantial rights suffered no prejudice.  [Citations.]"'"  (*People v. Jones* (2003) 29 Cal.4th 1229, 1259.)  Here, the jury's intent to find appellant guilty of dissuading a witness from reporting a crime is unmistakably clear.  The evidence, the argument, and the jury instructions all concerned appellant's attempts to dissuade Perea from reporting a crime, and did not concern any attempt to dissuade him from testifying. For example, Perea testified that on the date of the collision, he was holding the paper with information appellant had provided him after the collision.  Appellant said he did not want to call the police and grabbed the cell phone and the paper from Perea when he tried to call 911. Further, in arguing to the jury, the prosecutor and appellant's trial counsel both addressed facts relating to whether appellant tried to dissuade Perea from reporting a crime.

In addition, the court instructed the jury, as follows, with CALCRIM No. 2622:  "The defendant is charged in Count 1 with dissuading a witness in violation of Penal Code section 136.1 (a) and/or (b).  [¶]  To prove that the defendant is guilty of this crime, the People must prove that:  [¶]  1.  The defendant maliciously (tried to prevent/ or dissuade) Damian Perea from making a report that (he) was a victim of a crime to the police.  [¶]  2. . . .  AND  [¶]  3.  The defendant knew (he) was trying to (prevent/or dissuade) Damian Perea from reporting to the police and intended to do so."

The challenged verdict form is not facially defective.  The record leaves no doubt that the jury intended to convict appellant of attempting to dissuade a witness from reporting a crime in violation of subdivision (b) of section 136.1.  There is no indication

4

that appellant suffered any prejudice as a result of the flaw in the verdict form. (*People v. Jones, supra,* 29 Cal.4th at p. 1259.)

*The trial Court Did Not Abuse Its Discretion by Sentencing Appellant to State Prison*

*Procedural Background*

On June 14, 2011, Deputy Public Defender Gay Zide asked Judge Brian J. Back to reduce appellant's dissuading a witness (§ 136.1, subd. (b)) conviction to a misdemeanor, pursuant to section 17, subdivision (b).[4] Judge Back denied the motion.

On the morning of December 14, 2011, Judge Back conducted another hearing. Appellant was then awaiting sentencing in case No. 2009041265, before Judge Kent Kellegrew. Appellant agreed that Judge Kellegrew could sentence him in this case. Later that day, appellant appeared before Judge Kellegrew with Deputy Public Defender Ben Maserang.[5] During proceedings before Judge Kellegrew, appellant did not mention or renew his section 17, subdivision (b) motion. Judge Kellegrew sentenced appellant in both cases, and imposed a felony sentence for attempting to dissuade a witness.

Appellant contends that Judge Kellegrew abused his discretion by sentencing him to state prison for attempting to dissuade a witness, without recognizing and exercising its discretion to impose a misdemeanor sentence for that offense pursuant to section 17, subdivision (b). We disagree.

We review a court's decision pursuant to section 17, subdivision (b) for an abuse of discretion. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.) The burden is on appellant, as the party attacking the sentence, to clearly show that the sentencing decision was irrational or arbitrary. (*Id*. at pp. 977-978.) We presume the court considered all relevant sentencing criteria unless the record demonstrates otherwise. (*Id*. at p. 977.) Appellant has failed to show that Judge Kellegrew lacked awareness of

---

[4] Attempting to dissuade a witness from reporting a crime in violation of Section 136.1, subdivision (b) is among the "wobbler" crimes that can be punished as a misdemeanor or felony. (§§ 136.1, subd. (b); 17, subd. (b).)

[5] Maserang represented appellant in case No. 2009041265; he also attended the June 14, and December 14, 2011, hearings before Judge Back.

5

his discretion to reduce appellant's dissuading a witness offense to a misdemeanor, or that Judge Kellegrew's sentencing selection was irrational and arbitrary. (*Id*. at pp. 976-978.)

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

PERREN, J.

We concur:

GILBERT, P.J.

YEGAN, J.

6

Brian J. Back, Judge

Kent R. Killigrew, Judge

Superior Court County of Ventura
_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, Thomas C. Hsieh, Deputy Attorney General, for Plaintiff and Respondent.