Filed 6/12/13  In re Jonathan S. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re JONATHAN S., a Person Coming Under the Juvenile Court Law. | B244339 (Los Angeles County Super. Ct. No. KJ37170) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JONATHAN S.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Phyllis Shibata, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.).  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General and Paul M. Roadarmel, Jr., Deputy Attorney General, for Plaintiff and Respondent.

The minor, Jonathan S., appeals from a wardship order based upon a finding he committed an assault by means of force likely to inflict great bodily injury. (Pen. Code, § 245, subd. (a)(4); Welf. & Inst. Code, § 602.) We affirm the wardship order.

First, the minor contends the evidence was insufficient because he acted in self-defense. This contention has no merit. We review this contention for substantial evidence. (*Jackson v. Virginia* (1979) 443 U.S. 307, 318*; In Babak S.* (1993) 18 Cal.App.4th 1077, 1088-1089.) The minor and several friends precipitated an incident which resulted in a bottle of water being thrown on a high school gym floor. The minor's skateboard was taken from him. This was because the minor was threatening to strike another minor with the skateboard. The victim began walking towards the high school gym. The minor approached the victim from behind. The victim was placed in a "naked choke hold" for "about 20 seconds. The choking continued until a band instructor physically removed the minor's hands from the victim's throat. The victim was having a "lot of trouble" breathing. Neither the minor nor any other person was in jeopardy when the victim was choked. This constitutes substantial evidence the minor was not in imminent danger of suffering bodily injury. This supports the juvenile court's rejection of the minor's self-defense contention. (*People v. Minifie* (1996) 13 Cal.4th 1055, 1064; *People v. Lee* (2005) 131 Cal.App.4th 1413, 1427.)

Second, the minor contends the juvenile court abused its discretion in declining to deem the offense to be a misdemeanor. (Pen. Code, § 17, subd. (b); Welf. & Inst. Code, § 702.) The juvenile court must evaluate: the nature the minor's conduct; the minor's attitude towards the offense; and the minor's character traits as evidenced during the proceedings. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 978; *People v. Morales* (1967) 252 Cal.App.2d 537, 547.) We review this contention for an abuse of discretion. (*People v. Superior Court (Alvarez)*, *supra*, 14 Cal.4th at p. 977; *People v. Russel* (1968) 69 Cal.2d 187, 194, overruled on a different point in *People v. Anderson* (2001) 25 Cal. 4th 543, 575.)

No abuse of discretion occurred.  The minor choked the victim for 20 seconds.  The evidence is viewed in a light most favorable to the wardship order.  The minor did not stop choking the victim until physically restrained by a school instructor.  While being choked, the victim had difficulty breathing.  The instructor had taken the minor's skateboard because the youngster and several others were interfering with a high school drum line practice.  The minor was told the skateboard would be returned to his parents.

The minor's character traits as developed during the proceedings are inauspicious.  He gave two different versions of the incident; one of them under the oath and the other to a police officer.  Each version minimized the minor's culpability.  The minor claimed the victim was only placed in a headlock.  The juvenile court found the victim was choked.  The minor claim the "headlock" lasted only eight seconds.  The evidence accepted by the juvenile court indicated the chokehold lasted 20 seconds.  Finally, the minor is known in the community as "loose cannon."

The wardship order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

O'NEILL, J.*

---

\*      Judge of the Ventura County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.