[No. S053029. Jan. 16, 1997.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
STEVEN ALVAREZ, Real Party in Interest.

## COUNSEL

Gil Garcetti, District Attorney, Frank Elmer Sundstet, Assistant District Attorney, Diana L. Summerhayes and Joseph N. Sorrentino, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Michael P. Judge, Public Defender, Albert J. Menaster, Matthew Huey and Alex A. Ricciardulli, Deputy Public Defenders, for Real Party in Interest.

Charles H. James, Public Defender (Contra Costa) and Ron Boyer, Deputy Public Defender, as Amici Curiae on behalf of Real Party in Interest.

## OPINION

**BROWN, J.**—In this case, we address the scope of trial courts' sentencing discretion pursuant to Penal Code section 17, subdivision (b), to reduce to a misdemeanor an offense originally charged as a felony under the three

strikes law. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.)[1] Because neither version of the three strikes law qualifies the statutory authority by which a trial court may determine a crime to be "a misdemeanor for all purposes" (§ 17, subd. (b)), we conclude courts continue to have broad authority the exercise of which should be reviewed in accordance with the generally applicable standard. While a defendant's recidivist status is undeniably relevant, it is not singularly dispositive.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The current problems began for real party in interest, Steven Alvarez (defendant), shortly after noon on December 25, 1994, when Long Beach Police Officer Timothy O'Hara observed him "on the wrong side of the street riding a skateboard." A subsequent consensual search of a nylon bag in defendant's possession produced drug paraphernalia as well as a "baggie" containing 0.41 grams of powdered methamphetamine.

Based on this evidence, the prosecution charged defendant with a felony violation of Health and Safety Code section 11377, subdivision (a). The complaint further alleged four prior serious felony convictions within the meaning of the three strikes law. (§§ 667, subd. (d), 1170.12, subd. (b).) The matter went to jury trial. At the close of the People's case, defendant moved to have the charge declared a misdemeanor;[2] the trial court took the motion under submission. After defendant testified in his own behalf, the jury returned a guilty verdict. Defendant admitted the truth of the prior conviction allegations.

The probation report recommended against probation. At the sentencing hearing, the trial court reviewed the circumstances of the crime as well as defendant's criminal history. Although uncertain whether it had authority to dismiss any of the prior convictions (§ 1385), the court decided it still retained discretion to declare the charge to be a misdemeanor, and indicated its intention to do so because "that's for sure what it was."[3] Citing section 17, subdivision (b)(3), the court suspended imposition of sentence and

---

[1] All subsequent statutory references are to the Penal Code unless otherwise indicated. Since for purposes of resolving this case the legislative and electoral versions are functionally equivalent, unspecified references to "the three strikes law" include both.

[2] In support of the motion, defense counsel cited section 17, subdivision (b)(5). That section, however, sets forth the magistrate's authority to determine a wobbler to be a misdemeanor "at or before the preliminary examination or prior to filing an order pursuant to Section 872 . . . ." No provision of section 17, subdivision (b), authorizes the superior court judge to do so prior to judgment or a grant of probation. (See § 17, subd. (b)(1) & (3); cf. *People* v. *Booker* (1994) 21 Cal.App.4th 1517, 1521 [26 Cal.Rptr.2d 715].)

[3] Violation of Health and Safety Code section 11377, subdivision (a), "shall be punished by imprisonment in the county jail for a period of not more than one year or the state prison."

placed defendant on three years' summary probation on the condition he serve one year in the county jail.

The People petitioned for writ review. The Court of Appeal determined the trial court had abused its discretion because the reduction failed sufficiently to take into account defendant's criminal past with its implications for public safety. Moreover, in declining to punish defendant as a recidivist under the three strikes law, the trial court had judicially substituted its views of proper sentencing policy for that of the Legislature and electorate. We granted defendant's petition for review, and now reverse.

## II. DISCUSSION

### A. *Continuing Discretion Under the Three Strikes Law*

As relevant here, section 17, subdivision (b) (hereafter section 17(b)), authorizes the reduction of "wobbler" offenses—crimes that, in the trial court's discretion, may be sentenced alternately as felonies or misdemeanors—upon imposition of a punishment other than state prison (§ 17(b)(1)) or by declaration as a misdemeanor after a grant of probation (§ 17(b)(3)).[4] This court has not previously considered the threshold question whether courts retain this authority under the three strikes law. (Cf. *People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628] (hereafter *Romero*) [trial courts retain discretion to dismiss priors under section 1385].) However, several Court of Appeal decisions have unanimously concluded "the Legislature [and electorate] did not intend to abrogate the trial judge's long-standing powers under section 17, subdivision (b)(1) and did not intend to supersede the court's authority under subdivision (b)(3) of that section to determine whether a wobbler

---

[4]Section 17(b) provides in relevant part: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison. [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

As this language demonstrates, section 17(b) outlines the procedural mechanisms by which a trial court may classify an offense as a misdemeanor (see *People* v. *Banks* (1959) 53 Cal.2d 370, 380-381 [1 Cal.Rptr. 669, 348 P.2d 102]), whereas the sentencing discretion itself derives from the various charging statutes that provide alternative felony or misdemeanor punishment. (See, e.g., §§ 245, subd. (a)(1), 489; Health & Saf. Code, §§ 11357, subd. (a), 11363; Veh. Code, §§ 10851, subd. (a), 20001, subd. (b)(2).) For convenience, however, courts will sometimes conflate procedure and substance and refer generically to the exercise of "section 17(b) discretion" when discussing general principles. (See, e.g., *People* v. *Superior Court* (*Perez*) (1995) 38 Cal.App.4th 347, 356 [45 Cal.Rptr.2d 107]; *People* v. *Dent* (1995) 38 Cal.App.4th 1726, 1729-1730 [45 Cal.Rptr.2d 746].)

should be reduced to a misdemeanor when such authority is exercised at the initial sentencing." (*People* v. *Superior Court* (*Perez*), *supra*, 38 Cal.App.4th at pp. 363-364 (hereafter *Perez*); see *People* v. *Dent, supra*, 38 Cal.App.4th 1726 (hereafter *Dent*); *People* v. *Trausch* (1995) 36 Cal.App.4th 1239 [42 Cal.Rptr.2d 836] (hereafter *Trausch*); *People* v. *Vessell* (1995) 36 Cal.App.4th 285 [42 Cal.Rptr.2d 241].) We agree.

Neither version of the three strikes law speaks directly to the continuing vitality of this discretionary authority. Rather, each provides that a three strikes sentence must be imposed "[n]otwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined . . . ." (§§ 667, subd. (c), 1170.12, subd. (a).) Thus, regardless of qualifying prior convictions, the initial sentencing determinant is whether the defendant "has been convicted of a felony" in the current proceeding. (*Trausch, supra*, 36 Cal.App.4th at p. 1245.)

As to whether a guilty plea or verdict constitutes a "conviction" for purposes of section 667, subdivision (c), the court in *Trausch* properly concluded "that section 17 is sui generis. It specifically leaves the determination of the nature of the conviction to the discretion of the judge to be determined *at sentencing*. It applies only to 'wobblers' and to no other crimes. It also provides that once the court has imposed a misdemeanor sentence, the offense becomes a misdemeanor 'for all purposes.' " (*Trausch, supra*, 36 Cal.App.4th at p. 1246.) "Accordingly, until the trial court pronounces sentence on the new offense, it cannot be determined if a predicate current 'felony' exists for application of the three strikes laws." (*Id.* at p. 1247.) It follows that "where the trial court has exercised its discretion to impose a punishment other than imprisonment in state prison, which by operation of law renders the conviction a misdemeanor, the three strikes law is not triggered." (*Ibid.*) The same rationale applies to a grant of probation pursuant to section 17(b)(3). (*Perez, supra*, 38 Cal.App.4th at pp. 363-364.)

The overarching intent "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses" (§ 667, subd. (b); Ballot Pamp., text of Prop. 184, Gen. Elec. (Nov. 8, 1994) p. 64) does not alter this conclusion. Although presumptively aware of preexisting law, including sections 17(b)(1) and 17(b)(3) (see *People* v. *Hernandez* (1988) 46 Cal.3d 194, 201 [249 Cal.Rptr. 850, 757 P.2d 1013]), neither the Legislature nor the electorate "specifically limit[ed] the court's power under these provisions in regard to determining the nature of the current conviction in the three strikes law. And, nothing in the language or history of the three strikes legislation

suggests the drafters contemplated abrogation of this well-established authority. [Citation.]" (*Perez, supra,* 38 Cal.App.4th at p. 362.) Moreover, "[s]ubdivision (d)(1) of section 667 expressly provides that the determination whether a prior felony conviction qualifies as a 'strike' 'shall be made upon the date of that prior conviction and *is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor.*' (Italics added.) Thus, the Legislature clearly recognized the effect of sentencing pursuant to section 17 in the context of the three strikes statute and did not override that effect in its scheme determining whether a prior conviction qualifies as a strike." (*Trausch, supra,* 36 Cal.App.4th at p. 1246, fn. omitted; see *Perez, supra,* 38 Cal.App.4th at p. 363; see also § 1170.12, subd. (b)(1).) While in many instances the three strikes law was "intended to restrict courts' discretion in sentencing repeat offenders" (*Romero, supra,* 13 Cal.4th at p. 528), it left section 17(b) undisturbed.

We thus turn to the question at issue here: the scope of the trial court's discretion when a wobbler is initially filed under the three strikes law.

### B. *Scope of Section 17(b) Discretion in Three Strikes Cases*

Initially, we reject defendant's argument that a trial court's exercise of discretion under the authority of section 17(b) should be unreviewable, either as a matter of parity with the prosecutor's unreviewable decision to charge a wobbler as a felony or misdemeanor (see *People* v. *Adams* (1974) 43 Cal.App.3d 697, 708 [117 Cal.Rptr. 905]) or as a matter of constitutional mandate under the separation of powers doctrine. (*Id.* at pp. 706-707.) ▪ The prosecutor's unreviewable charging discretion differs significantly from the trial court's sentencing authority under section 17(b). "The action of a district attorney in filing an information is not in any way an exercise of a judicial power or function." (*People* v. *Adams, supra,* at p. 707.) The initial determination of the charge to be filed "relates only to what is clearly the province historically of the public prosecutor, i.e., the discretion whether or not to prosecute. [Citations.]" (*Ibid.*) By contrast, the trial court's sentencing function becomes operative only when the prosecutor has made that charging decision. (Cf. *People* v. *Tenorio* (1970) 3 Cal.3d 89, 94 [89 Cal.Rptr. 249, 473 P.2d 993].)

Nor is the separation of powers doctrine implicated, because review of a trial court's exercise of discretion pursuant to section 17(b) does not involve "the prosecutor's consent to the disposition of a criminal charge pending before the court . . . ." (*Romero, supra,* 13 Cal.4th at p. 512.) Rather, any finding of abuse is a further exercise of judicial power by the appellate court.

(Cf. *Davis* v. *Municipal Court* (1988) 46 Cal.3d 64, 77 [249 Cal.Rptr. 300, 757 P.2d 11].) Moreover, defendant cites no authority immunizing a trial court's discretionary decisionmaking from some level of review, however deferential. (See also *Dent*, *supra*, 38 Cal.App.4th at p. 1730; cf. 6 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Appeal, § 3204, p. 3961.)

In determining the scope of the trial court's authority, our first referent is the statutory language conferring it. Some statutes contain express qualifications delineating, and thereby restricting, the particular exercise of discretion. For example, in ordering an action dismissed, the court must act "in furtherance of justice." (§ 1385; see *Romero*, *supra*, 13 Cal.4th at pp. 530-531.) Under some circumstances, the court may grant probation only in "unusual cases where the interests of justice would best be served" according to established criteria. (§ 1203, subd. (e); see *People* v. *Superior Court (Du)* (1992) 5 Cal.App.4th 822, 830-831 [7 Cal.Rptr.2d 177].)

In contrast, section 17(b), read in conjunction with the relevant charging statute, rests the decision whether to reduce a wobbler solely "in the discretion of the court." By its terms, the statute sets a broad generic standard. (See *In re Anderson* (1968) 69 Cal.2d 613, 626-627 [73 Cal.Rptr. 21, 447 P.2d 117].) The governing canons are well established: "This discretion . . . is neither arbitrary nor capricious, but is an impartial discretion, guided and controlled by fixed legal principles, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice. [Citations.]" (*People* v. *Warner* (1978) 20 Cal.3d 678, 683 [143 Cal.Rptr. 885, 574 P.2d 1237].) "Obviously the term is a broad and elastic one [citation] which we have equated with 'the sound judgment of the court, to be exercised according to the rules of law.' [Citation.]" (*People* v. *Russel* (1968) 69 Cal.2d 187, 194 [70 Cal.Rptr. 210, 443 P.2d 794].) Thus, "[t]he courts have never ascribed to judicial discretion a potential without restraint." (*Ibid.*) "Discretion is compatible only with decisions 'controlled by sound principles of law, . . . free from partiality, not swayed by sympathy or warped by prejudice . . . .' [Citation.]" (*People* v. *Bolton* (1979) 23 Cal.3d 208, 216 [152 Cal.Rptr. 141, 589 P.2d 396].) "[A]ll exercises of legal discretion must be grounded in reasoned judgment and guided by legal principles and policies appropriate to the particular matter at issue." (*People* v. *Russel*, *supra*, at p. 195.)

On appeal, two additional precepts operate: "The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will

not be set aside on review." (*People* v. *Superior Court (Du)*, *supra*, 5 Cal.App.4th at p. 831.) Concomitantly, "[a] decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' [Citations.]" (*People* v. *Preyer* (1985) 164 Cal.App.3d 568, 573 [210 Cal.Rptr. 807].)

We find scant judicial authority explicating any criteria that inform the exercise of section 17(b) discretion. (But see *In re Anderson*, *supra*, 69 Cal.2d at p. 627.) However, since all discretionary authority is contextual, those factors that direct similar sentencing decisions are relevant, including "the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial." (*People* v. *Morales* (1967) 252 Cal.App.2d 537, 547 [60 Cal.Rptr. 671]; see also *People* v. *Giminez* (1975) 14 Cal.3d 68, 73 [120 Cal.Rptr. 577, 534 P.2d 65]; *In re Cortez* (1971) 6 Cal.3d 78, 85-86 [98 Cal.Rptr. 307, 490 P.2d 819]; cf. *People* v. *Mason* (1971) 5 Cal.3d 759, 764 [97 Cal.Rptr. 302, 488 P.2d 630], disapproved on other grounds in *People* v. *Lent* (1975) 15 Cal.3d 481, 486, fn. 1 [124 Cal.Rptr. 905, 541 P.2d 545] [conditions of probation].) When appropriate, judges should also consider the general objectives of sentencing such as those set forth in California Rules of Court, rule 410.[5] The corollary is that even under the broad authority conferred by section 17(b), a determination made outside the perimeters drawn by individualized consideration of the offense, the offender, and the public interest "exceeds the bounds of reason." (*People* v. *Giminez*, *supra*, 14 Cal.3d at p. 72; cf. *Romero*, *supra*, 13 Cal.4th at p. 531.)

Citing *People* v. *Warner*, *supra*, 20 Cal.3d 678, 689, the People contend that in a three strikes case public safety is the sentencing "imperative" and that the defendant's recidivist status *requires* "[t]he paramount concern must be the protection of society. The interests of the defendant are of legitimate but secondary concern." In finding the trial court abused its discretion, the Court of Appeal also relied substantially on this language in *Warner* as well

---

[5]California Rules of Court, rule 410 states as follows: "General objectives of sentencing include: [¶] (a) Protecting society. [¶] (b) Punishing the defendant. [¶] (c) Encouraging the defendant to lead a law abiding life in the future and deterring him from future offenses. [¶] (d) Deterring others from criminal conduct by demonstrating its consequences. [¶] (e) Preventing the defendant from committing new crimes by isolating him for the period of incarceration. [¶] (f) Securing restitution for the victims of crime. [¶] (g) Achieving uniformity in sentencing. [¶] Because in some instances these objectives may suggest inconsistent dispositions, the sentencing judge shall consider which objectives are of primary importance in the particular case. [¶] The sentencing judge should be guided by statutory statements of policy, the criteria in these rules, and the facts and circumstances of the case."

as the historical recognition accorded recidivist sentencing schemes in punishing those who refuse to conform to the norms of society. (See, e.g., *In re Rosencrantz* (1928) 205 Cal. 534, 539 [271 P. 902]; accord, *Rummel* v. *Estelle* (1980) 445 U.S. 263, 276 [63 L.Ed.2d 382, 392, 100 S.Ct. 1133].) For present purposes, however, our discussion in *Warner* has limited utility because it did not bear upon section 17(b) and the facts were quite egregious, involving felony child molestation (§ 288) committed "in a most culpable manner" with multiple similar prior convictions. (*People* v. *Warner, supra,* 20 Cal.3d at p. 684.)

 We do not question the legitimacy of the three strikes law or the public safety *animus* it undeniably reflects. (See Ballot Pamp., arguments in favor of Prop. 184, Gen. Elec. (Nov. 8, 1994) p. 36.) Nor is that factor irrelevant to the exercise of discretion under the authority of section 17(b). Nevertheless, the People in effect ask that we create a nonstatutory presumption against reducing wobblers in three strikes cases. The vice of such a rule is obvious: To judicially mandate that a single factor predominate the trial court's exercise of discretion would eviscerate the essence of its statutory authority; indeed, it would be one step shy of declaring the three strikes law eliminates the court's discretion entirely. (Cf. *People* v. *Benn* (1972) 7 Cal.3d 530, 534-535 [102 Cal.Rptr. 593, 498 P.2d 433].) Neither version of the law supports such a retraction. To the contrary, both specifically acknowledge that wobblers classified as misdemeanors at the time of initial sentencing do not trigger increased penalties. (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1); see *Perez, supra,* 38 Cal.App.4th at pp. 362-363.) Accordingly, we hold that three strikes prior convictions do not preclude a trial court from reducing an offense originally charged as a felony either by imposing a misdemeanor sentence (§ 17(b)(1)) or by declaring it a misdemeanor upon a grant of probation (§ 17(b)(3)).

 A necessary concomitant of this authority is the discretion to weight the various sentencing considerations commensurate with the individual circumstances. (See Cal. Rules of Court, rule 410; cf. *People* v. *Superior Court (Du), supra,* 5 Cal.App.4th at pp. 836-837 [grant of probation]; *People* v. *Stevens* (1988) 205 Cal.App.3d 1452, 1457 [253 Cal.Rptr. 173] [determinate sentencing choices].) For that reason, the fact a wobbler offense originated as a three strikes filing will not invariably or inevitably militate against reducing the charge to a misdemeanor. Nonetheless, the current offense cannot be considered in a vacuum; given the public safety considerations underlying the three strikes law, the record should reflect a thoughtful and conscientious assessment of all relevant factors including the defendant's criminal history. (See *Romero, supra,* 13 Cal.4th at p. 531; *People* v. *Warner, supra,* 20 Cal.3d at p. 685.) Furthermore, in evaluating the severity of a three

strikes sentence relative to the gravity of the charge, the court must remain cognizant that the present violation of law only *triggers* the mandated penalty, which ultimately is the consequence of both that offense and the defendant's recidivist status. (See *Perez, supra,* 38 Cal.App.4th at p. 362.)

This sentencing discretion is not without limitation. In *Dent, supra,* 38 Cal.App.4th 1726, the Court of Appeal charted at least one sector of the forbidden zone. There, the trial court indicated the defendant's current offense, albeit a wobbler, warranted a substantial prison term but not the 25-year-to-life sentence mandated by the three strikes law. (*Id.* at p. 1729.) Assessing its options, the court concluded the latter " 'offends my conscience more than it does to give you a break, which you really don't deserve. [¶] The only way that I can avoid this law is to find this to be a misdemeanor, which I do . . . .' " (*Ibid.,* italics omitted.)

On the basis of this record, the reviewing court properly found an abuse of discretion. "Although the court was aware of defendant's background and the nature of his present offenses, these individualized considerations were shunted into the background in an effort to avoid the court's otherwise clear expression that a felony sentence was appropriate." (*Dent, supra,* 38 Cal.App.4th at p. 1731.) The determination to reduce a wobbler under section 17(b) "can be properly made only when the sentencing court focuses on considerations that are pertinent to the specific defendant being sentenced, not an aversion to a particular statutory scheme." (*Dent, supra,* at p. 1731; see *People* v. *Bolton, supra,* 23 Cal.3d at p. 216; cf. *People* v. *Orin* (1975) 13 Cal.3d 937, 947 [120 Cal.Rptr. 65, 533 P.2d 193] [cautioning against "liberal use of section 1385 to avoid criminal prosecutions where probable cause exists to believe conviction is warranted"].) Although "a reasoned consideration of defendant's background and circumstances would [not] preclude the determination that his offenses were misdemeanors," the record must demonstrate such "reasoned consideration." (*Dent, supra,* at p. 1731.)

### C. *Application to This Case*

■ The question here is admittedly close. Although the trial court suggested a certain measure of hostility toward the three strikes law, we disagree with the Court of Appeal's conclusion it "incorrectly substituted its view of the proper sentence for that of the Legislature." (Cf. *Perez, supra,* 38 Cal.App.4th at p. 353.) By making violation of Health and Safety Code section 11377, subdivision (a), a wobbler, the Legislature has determined that either a misdemeanor or a felony punishment may be appropriate in the discretion of the sentencing court. The Legislature has also granted broad

authority under the express terms of section 17(b) to make that determination. And, the Legislature chose not to compromise the exercise of the court's discretion when it enacted the three strikes law. (*Perez, supra,* at p. 362.) Therefore, notwithstanding defendant's recidivist status, the balance of other factors could warrant a reduction of the charge.

The prosecution alleged and defendant admitted four prior convictions for residential burglary, which it appears he committed to support a drug habit. His criminal record also included four misdemeanor convictions. He received a seven-year prison term for one of the burglaries and violated his parole on several occasions. Viewing these circumstances in isolation, the Court of Appeal's skeptical reaction to the reduction of defendant's present crime is understandable. That limited perspective is, however, incompatible with the very nature of sentencing discretion; the entire picture must remain exposed. (See *People* v. *Benn, supra,* 7 Cal.3d at pp. 534-535.)

Regardless of the results, the record does not evidence a purposeful intent to evade a three strikes sentence solely because of personal antipathy to the law. The trial court acknowledged defendant's substantial criminal history with its implications for public safety, but accorded that factor less weight than the fact it considered his current offense "for sure" a misdemeanor. (See *People* v. *Vessell, supra,* 36 Cal.App.4th at p. 295.) Defendant was cooperative with law enforcement. The burglary priors were relatively old and did not involve violence. (*Ibid.*) In addition, the court had observed defendant during the course of the trial, including his testimony he had been caring for a disabled friend. (*Ibid.*)

Applying the extremely deferential and restrained standard by which appellate courts are bound in these matters, we find the trial court did not abuse its discretion. Whatever conclusions other reasonable minds might draw, on balance we find the decision tolerable given the court's broad latitude.[6] Nevertheless, we caution that the circumstances of this case are not intended to and do not establish a "floor" below which reviewing courts may never find an abuse of section 17(b) discretion to reduce a wobbler involving three strikes prior convictions. On the contrary, the lesson we reiterate today is that any exercise of that authority must be an intensely fact-bound inquiry taking all relevant factors, including the defendant's

---

[6]The People further contend the trial court erroneously granted probation. (See § 1203, subds. (e)(4) & (f).) They did not separately petition for review on this question, and it is not "fairly included in" the issue on which we granted defendant's petition—the scope of trial court sentencing discretion under section 17(b). (See Cal. Rules of Court, rule 29.2(b).) Accordingly, we decline to reach this contention and express no opinion on its merits. (But see *People* v. *Alotis* (1964) 60 Cal.2d 698, 707-708 [36 Cal.Rptr. 443, 388 P.2d 675]; *People* v. *Furber* (1965) 233 Cal.App.2d 678, 687 [43 Cal.Rptr. 771].)

criminal past and public safety, into due consideration; and the record must so reflect.

### III. DISPOSITION

The judgment of the Court of Appeal is reversed. The cause is remanded to the Court of Appeal with directions to vacate the order that a writ of mandate issue and to deny the People's petition.

George, C. J., Mosk, J., Werdegar, J., and Chin, J., concurred.

**BAXTER, J.,** Dissenting.—I agree that the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) has no impact on the power of a magistrate or judge to rule that an offense which may be either a felony or a misdemeanor, a so-called "wobbler," should be tried or sentenced as a misdemeanor. Penal Code section 17, subdivision (b)(1) and (3) (section 17(b)), expressly confers that power on the court and nothing in the three strikes law limits that power.

I dissent from the judgment directing that the petition for writ of mandate be denied, however. I would affirm the judgment of the Court of Appeal directing that a writ of mandate issue, but would direct the trial court to reconsider the sentencing decision in light of *Romero* (*People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]).

Since 1986, Penal Code section 1238, subdivision (a)(1), has authorized an appeal by the People from the imposition of an unlawful sentence, and subdivision (d) of that section has permitted a petition for writ of mandate by the People to review a grant of probation, including review of any order underlying the grant of probation. The Legislature has to that extent removed former restrictions (see *People* v. *Superior Court (Stanley)* (1979) 24 Cal.3d 622 [156 Cal.Rptr. 626, 596 P.2d 691]; *People* v. *Gallardo* (1953) 41 Cal.2d 57 [257 P.2d 29]) on the jurisdiction of the appellate courts to review sentences at the instance of the People. When, as here, such review is undertaken, the reviewing court must recognize that the People as well as the defendant now have the right to informed sentencing.[1] Therefore, when the People seek mandate claiming that a sentencing court abused its discretion in granting probation and the record demonstrates that the court was not aware of a sentencing alternative, the matter should be remanded for reconsideration of the sentence before the appellate court attempts to assess the abuse of discretion claim.

---

[1] "In a criminal case, the people of the State of California have the right to due process of law . . . ." (Cal. Const., art. I, § 29.)

It is clear from the record in this pre-*Romero* case that doubt over her power to strike one or more of the charged prior convictions influenced the judge's decision that the offense did not warrant felony sentencing notwithstanding the defendant's past record. This court cannot appropriately rule on the question of whether there has been an abuse of discretion in sentencing defendant as a misdemeanant until the sentencing decision is made by a judge who is aware of the full range of sentencing options. The majority apparently assume that the trial court's statement that the offense was a misdemeanor "for sure" demonstrates that the judge had no uncertainty as to the appropriate sentence and that her uncertainty as to her power to dismiss one or more priors had no effect on her sentencing decision. I disagree.

At the close of the People's case the judge denied a motion for acquittal. (Pen. Code, § 1118.1.) She then declined to rule on defendant's motion to reduce the offense to a misdemeanor, taking the motion under submission and postponing her decision until the jury could reach a verdict. She ruled that the matter would go to the jury as a felony.

The defense presented no evidence that might have moved the court toward leniency. The contrary appears true. Defendant testified that at the time he was stopped by police he swallowed a marijuana cigarette he had been holding, and that he was aware that an arrest warrant had been issued for him on a charge of marijuana possession. He testified that the subsequent consensual search revealed, in addition to the methamphetamine underlying the current charge, a syringe and a glass pipe. He denied using other drugs, however, and testified that he did not know where the baggie of methamphetamine in his backpack came from. He admitted that he was under the influence of marijuana when arrested.

The judge's comments at the probation and sentencing hearing demonstrate to my satisfaction that the potential three strikes sentence, not just the circumstances of the current offense, influenced her decision to treat the offense as a misdemeanor. She stated for the record:

"[T]his is a very small case, it's not very much methamphetamine. Certainly he came up to the two cops, cooperative, whatever it was. He wasn't traipsing around the neighborhood doing burglaries because he—but he was going over to his friend's house.

"Mr. Alvarez has a mighty lengthy background, some of it is in his juvenile years as well he was in California Youth Authority, [has] numerous first degree burglaries, they are all thefts, nobody ever was harmed in anything he did, which is not to condone what Mr. Alvarez does because I

don't think a person's home in Long Beach or Lakewood or L.A. area is safe with Mr. Alvarez around, at least my trinkets aren't safe.

"Back in '87 was his last burglary. I don't know what this misdemeanor back in '91 [was]. He's a drug addict that commits burglaries. He's 34 years old. *This case does not rise to the level of sending a person like Mr. Alvarez 25 years to life and that's my dilemma.*" (Italics added.)

The prosecutor then asserted that the court had no discretion to sentence the defendant to less than the 25-year-to-life term specified in Penal Code sections 667 and 1170.12 since the priors had been proved and the voters had taken away the judge's discretion. It was then that the judge stated: "Well, there is still an unpublished case that's before the supreme court stating that doesn't state anything. Don't know whether judges have discretion in this case or not.

"I know that I have discretion in making this a misdemeanor and that's for sure it was." [*Sic.*]

The ensuing colloquy between court and counsel was limited to the question of whether the three strikes law precluded the exercise of discretion under section 17(b) when the defendant had prior convictions.

It is clear to me from the judge's remarks that uncertainty as to her power to strike one or more of the defendant's priors for sentencing purposes, led her to utilize the power she believed the court did retain to sentence under section 17(b) rather than impose a term of twenty-five years to life, the only other alternative she was certain was available to her.

Because the court erroneously elected to impose a misdemeanor sentence without considering whether a felony sentence without three strikes enhancement would be appropriate, I would affirm the judgment of the Court of Appeal as modified to direct that the petition for writ of mandate be granted with directions to set aside the judgment and reconsider the sentence.

Kennard, J., concurred.

Petitioner's application for a rehearing was denied March 12, 1997. Kennard, J., and Baxter, J., were of the opinion that the application should be granted.