Filed 9/16/13  P. v. Merritt CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DEVIN MICHAEL MERRITT,<br><br>　　　　Defendant and Appellant. | C069512<br><br>(Super. Ct. No. 09F03812) |

Defendant Devin Michael Merritt and a codefendant were charged with felony assault on a fellow inmate.  Defendant was also alleged to have eight prior convictions within the meaning of the three strikes law.

A jury found defendant guilty as charged. The trial court found the allegations of all eight prior convictions to be true and denied defendant's *Romero*[1] motion to strike seven of those priors.

Defendant makes two arguments on appeal. First, he argues the trial court's sentence violates the United States Constitution.[2] Second, he avers the trial court's "refusal to strike [his] prior qualifying 'strike' convictions constituted an abuse of discretion." Because both arguments lack merit, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2009 defendant and another inmate were playing handball in a concrete exercise yard when the ball flew over a high wall. While defendant came to the guard on duty to ask for another ball, his handball partner proceeded to assault a third inmate out of view of the guard. When the guard finally realized what was going on, defendant had already joined the fray. The incident lasted only a few seconds.

Defendant was charged with assault on a prison inmate. At trial he testified that he had been trying to stop the fight rather than participate in it. The jury found him guilty despite his testimony.

Before sentencing, defendant made a *Romero* motion requesting the court strike all but one of his eight prior felonies. After reviewing the parties' papers, as well as the probation report, the trial court denied the motion and sentenced defendant to a total of 30 years to life in prison consecutive to the 48-year term he was already serving. He made no constitutional objection regarding the sentence.

---

[1] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

[2] Defendant asserts that the sentence violates both the United States and California constitutions; however, he puts forth no argument concerning the latter. We will therefore address only the arguments concerning the United States Constitution.

# DISCUSSION

## I

### *Constitutional Claim*

Defendant asserts that his sentence violates both the Eighth Amendment's ban on cruel and unusual punishment and the Fifth Amendment's double jeopardy clause. Attempting to circumvent his failure to make this objection during sentencing, he contends that "[w]hile defense counsel did not specifically mention federal or state constitutional provisions, this court should reach the merits under the relevant constitutional standards to prevent forfeiture and/or an ineffectiveness-of-counsel claim . . . ."

"[I]t is elementary that [a] defendant waive[s] [an argument based on the U.S. Constitution] by failing to articulate an objection on federal constitutional grounds below." (*People v. Burgener* (2003) 29 Cal.4th 833, 886.) Defendant cites *People v. Em* (2009) 171 Cal.App.4th 964 for the proposition that the court should overlook the forfeiture in this case in the interest of judicial economy. (See *id.* at p. 971, fn. 5.) Contrary to defendant's contention, we do not decide issues not properly before us. (See *People v. Alvarez* (1996) 14 Cal.4th 155, 186 [bare reference to " 'confrontation rule' " not specific enough to preserve Sixth Amendment confrontation clause argument]; *People v. DeJesus* (1995) 38 Cal.App.4th 1, 27 [because whether a punishment "in a particular case [is cruel and unusual] is fact specific, the issue must be raised in the trial court"].) In this case, defendant failed to properly bring an Eighth or Fifth Amendment objection to the attention of the trial court and thus forfeited those objections.

## II

### *The Romero Motion*

Defendant further asserts that the trial court abused its discretion in declining to strike seven of his eight prior convictions. In *Romero*, our Supreme Court held that trial courts may dismiss one or more of a defendant's prior convictions in the furtherance of

3

justice pursuant to Penal Code section 1385. (*Romero*, *supra*, 13 Cal.4th at p. 530.) In particular the court must consider whether "in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) On appeal refusals to dismiss are reviewed for abuse of discretion. (*Id*. at p. 162.)

Defendant argues that the trial court abused its discretion by failing "to consider all of the facts, particularly including [his] limited and minor role in the instant offense, his unchallenged testimony as to what motivated him to take action, [the minimal effect the increased sentence would have on his ultimate release date], and the difficult and troubled years he spent growing up without a mother." We disagree.

Defendant argues that the trial court failed to properly take the nature of the underlying offense into account in making its decision. He "does not deny that [the victim] sustained several facial fractures from the altercation, but emphasizes that, according to the prosecution's own evidence, the altercation lasted for just three or four seconds, no weapons were involved and [defendant] was not present until the very end. Moreover, [the evidence] support[s] the conclusion that it was [the codefendant] . . . who did most of the damage to [the victim's] face." Defendant further points out he testified at trial that he only "intervened in the incident so that he could break it up" and that this testimony was unchallenged. These arguments are meritless because they amount to an attempt to relitigate the case. Because the trial court's decision is not manifestly unreasonable, this court may not disturb it. The brevity of the criminal act does not negate its violent nature. Moreover, the jury's guilty verdict necessarily means it did not believe defendant's testimony concerning his benign motive.

4

Additionally, defendant contends that "[h]ad the qualifying prior convictions been dismissed, [he] still would have faced a long, lengthy prison term while serving out the remaining time on the 48-year sentence he received shortly before arriving at California State Prison, Sacramento." He cites no authority, however, for the proposition that a trial court must take the length of the sentence into account when considering a *Romero* motion. The trial court simply has to evaluate the nature and circumstances of his present offenses and prior serious and/or violent felony convictions in conjunction with his background, character and prospects to determine if he may be deemed outside the spirit of the three strikes law. (*People v. Williams*, *supra,* 17 Cal.4th at p. 161.)

Reaching further, defendant asserts that "the trial court's rationale for denying [his] motion to strike rested almost entirely on his 'extremely violent' past crimes." He argues that this focus on his past crimes violated the principle set out in *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968 that the court must consider both past and present crimes when making sentencing decisions. (*Id*. at p. 979.) Defendant points to the trial court's references to his " 'unquenchable thirst for violence' " and lack of " 'effort to reform or otherwise curtail his assaultive behavior' " as demonstrating that the court overemphasized his prior criminal history in coming to its decision. Looking at the record, however, we fail to see how the trial court abused its discretion. After reviewing defendant's long list of prior criminal conduct, the court stated, "from the foregoing criminal history *and from the conduct for which he was convicted in the current case . . .* [¶] . . . I cannot find facts sufficient to justify use of the Court's discretionary power under Penal Code section 1385." (Italics added.) From this language, it is clear that, contrary to defendant's argument, the court evaluated both his present and past crimes in conformity with the law governing Penal Code section 1385.

Finally, defendant contends that the court abused its discretion by not properly taking into account his troubled upbringing. Defendant provides no argument on how the "difficulties he faced growing up" place him outside the spirit of the three strikes law.

None of the events described in his brief -- events which also appeared in the probation report "reviewed in detail" by the trial court -- mitigate his recidivist conduct.  Thus, there was no abuse of discretion.

DISPOSITION

The judgment is affirmed.


_____ROBIE_____, J.


We concur:


_____NICHOLSON_____, Acting P. J.


_____MAURO_____, J.

6