Filed 10/18/13  P. v. Espinosa CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JIMMY ESPINOSA,<br><br>    Defendant and Appellant. | D062570<br><br><br><br>(Super. Ct. No. SCN296310) |

APPEAL from a judgment of the Superior Court of San Diego County, K. Michael Kirkman, Judge.  Affirmed.

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Susan E. Miller, Deputy Attorneys General, for Plaintiff and Respondent.

This case arises from a gang fight in which then 17-year-old Jimmy Espinosa participated as a member of the Oceanside Posole street gang. During the fight one of the victims suffered a stab wound.

Espinosa was charged as an adult with a number of felony offenses. Pursuant to a plea agreement, Espinosa pled guilty to attempted murder (Pen. Code,[1] §§ 664 & 187) and admitted he committed the crime for the benefit of a street gang (§ 186.22, subd. (b)). The parties agreed to a 15-year limitation on any prison sentence and the remaining counts and allegations were dismissed.

Following an extensive hearing, the court denied Espinosa's request for probation and sentenced him to the upper term of nine years for attempted murder. The court struck the 10-year gang enhancement in the furtherance of justice under section 1385.

Espinosa appeals contending the court abused its discretion in denying his request for probation and in imposing the upper term for the offense. We will find no abuse of discretion for either decision and will affirm.

### STATEMENT OF FACTS

Since this is an appeal from a guilty plea we will offer only a brief summary of the facts of the offense as contained in the probation report.

On the afternoon of September 7, 2011, Oceanside police were called to the scene of a fight. They found a large number of high school students. They found a victim, Carl N., lying on the ground, having suffered a significant stab wound.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

2

Investigation revealed the fight was between the victim and two of his friends against a number of Hispanic members of the Posole street gang. During the fight there were repeated references to "Posole" by the Hispanic youths participating in the fight.

Witnesses identified Espinosa and two other youths as being involved in the fight that caused the victim's injuries. Espinosa ultimately told police he was present, but denied involvement in the fight.

DISCUSSION

I

*DENIAL OF PROBATION*

Espinosa first contends the trial court abused its discretion in denying his request for probation. He argues the evidence does not support the factors found by the court to be aggravating and that the trial court did not give sufficient weight to the factors Espinosa claims are mitigating. In essence, Espinosa invites this court to reweigh the conflicting factors and to substitute our discretion for that exercised by the trial court, which is, of course, inappropriate.[2]

---

2     The respondent urges us to treat the issues regarding the trial court's statement of sentencing factors as waived for failure to raise such objection in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 353-356.) Based upon this record we decline to apply forfeiture. The defense filed an extensive statement in mitigation, presented evidence and argued the sentencing issues extensively. While counsel technically did not "object" to the court's final analysis, the issues were squarely before the court. Thus we will address Espinosa's contentions on the merits.

## A. Background

Although the probation officer's report stated Espinosa was not eligible for probation, the trial court concluded he was eligible and articulated the factors in aggravation and mitigation of sentence.

The factors in aggravation found by the court were the seriousness of the offense; Espinosa was involved from the beginning of the fight; he was instrumental in the attack; the victim was rendered vulnerable; serious injuries were inflicted; Espinosa was an active participant in the attack; there was some level of planning based on the fact weapons were brought to the fight; Espinosa has a significant prior criminal history as a juvenile; his prior performance on probation was poor; he has demonstrated an inability to comply with the conditions of probation and that he poses a risk of harm to society.

The factors found in mitigation included: Espinosa's claim he was no longer in a gang; a prison sentence would be detrimental to him and his family; he would suffer the consequences of a prison commitment; he expressed some level of remorse and that the evidence did not support a finding that Espinosa stabbed Carl N., but the court found Espinosa was fully aware a fight was going to transpire.

The court then found the aggravating circumstances outweighed the factors in mitigation, The court stated, "this is very much a prison matter," and "I don't believe this is a close case."

## B. Legal Principles

The parties agree the applicable standard of review is the abuse of discretion standard. (*People v. Scott, supra,* 9 Cal.4th 331, 353-356; *People v. Carbajal* (1995) 10

Cal.4th 1114, 1120.) We will not overturn a trial court's exercise of sentencing discretion absent a clear showing the trial court's decision exceeds the bounds of reason. (*People v. Superior Court* (*Dorsey*) (1996) 50 Cal.App.4th 1216, 1225.)

Where the issue is abuse of discretion, the discussion implies there were discretionary choices for the trial court. As such, it is entirely possible that otherwise competent, thoughtful trial judges could reach different conclusions as to the proper sentence on many given sets of facts. Thus the issue is not whether a different result could have been reached, but rather whether the trial court's decision was arbitrary or irrational. In making that determination we presume the trial court acted to achieve legitimate sentencing objectives. (*People v. Giminez* (1975) 14 Cal.3d 68, 71-73.)

## C. Analysis

In the present case, Espinosa argues with each of the factors analyzed by the court. In each instance he gives more weight to the mitigating factors and less to the aggravating factors than given by the trial court. For instance, Espinosa claims his participation in the fight was not significant. He argues his prior juvenile history was not so bad and that he had no offenses for the two years prior to the current offense; that it was irrational to consider he posed a threat because he did not bring a knife to the fight; he had good character, but also had a potential mental defect.

It is not necessary for us to examine the argued differences counsel has with the trial court's analysis of the reasons for and against probation. The trial court gave a lengthy explanation of its reasoning. The court had considered the statement in mitigation filed by the defense and all of the evidence it presented. At the end of the

5

analysis, the court found Espinosa had been involved in violent criminal activity for a number of years, despite his relative youth. Espinosa was a long term, active member of the Posole gang and had apparently not learned much from his previous contacts with the juvenile justice system. Notwithstanding counsel's interpretation of Espinosa's history, he had committed violent crimes in the past. He was on probation at the time of the offense and had suffered a number of probation violations in the past.

Thus, the trial court concluded that Espinosa, an active gang member, was knowingly involved in a violent crime that caused serious injury. Indeed, Espinosa pled guilty to attempted murder and admitted the gang enhancement. The court concluded that Espinosa had not performed well on probation and that while he claimed some remorse and a resolve to finally separate himself from the violent street gang lifestyle, the court was not required to give significant weight to Espinosa's belated decision to change his criminal behavior.

The record reflects the trial court considered all of the factors in mitigation that Espinosa raised in the trial court and in this court. A grant of probation is not a right, but rather an act of leniency. (*People v. Birmingham* (1990) 217 Cal.App.3d 180, 185.) While it is possible that another court might have given different weight to the factors presented, that is not the test for abuse of discretion. Rather the question is whether the trial court's analysis was so off the mark that no reasonable trial judge could have reached that decision on the same record. That is not the case here. The court gave considerable thought to its decision and articulated the reasons for it with great clarity. There is no

6

basis in this record upon which we could find an abuse of discretion in denying Espinosa's request for probation.

## II

*SELECTION OF THE UPPER TERM*

Espinosa essentially makes the same challenge to the trial court's selection of the upper term sentence as he did to the denial of probation. Espinosa claims the court abused its discretion by giving too much weight to the aggravating factors and not enough weight to the mitigating factors. In a similar fashion we will reject the claim of abuse of discretion and decline to reweigh the opposing factors.

We note at the outset that the parties have not addressed one of the reasons cited by the court to support the upper term selection. Before the end of the hearing the court observed that it had struck the gang enhancement and thereby reduced the potential prison term by 10 years. The court specifically relied on that decision as a basis for the upper term.

California Rule of Court 4.420(c) provides that ". . . a fact charged and found as an enhancement may be used as a reason for imposing the upper term only if the court has discretion to strike the punishment for the enhancement and does so. The use of a fact as an enhancement to impose the upper term of imprisonment is an adequate reason for striking the additional term of imprisonment, regardless of the effect on the total term."

As we will point out below, a single valid factor is sufficient to support the court's sentencing choice. Plainly the court could properly determine that in light of striking the enhancement, the upper term was appropriate. However, since the parties have not

7

devoted any attention to the court's comments in this regard, we will discuss Espinosa's further arguments.

### A. Legal Principles.

Trial courts have broad discretion in selecting the appropriate term of imprisonment. In the exercise of that discretion the court may weigh the competing factors in aggravation and mitigation and select the balance the court deems proper. A single factor in aggravation may be sufficient to support the court's selection of the upper term. (*People v. Lai* (2006) 138 Cal.App.4th 1227, 1258; *People v. Avalos* (1996) 47 Cal.App.4th 1569, 1583.)

We will only set aside a trial court's sentencing decision where the record shows the decision was irrational or arbitrary. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977-978.)

### B. Analysis

As we have mentioned, Espinosa essentially repeats his earlier challenge to the court's discretionary decisions by arguing for a different weighing of the factors than was done by the trial court. For example, he challenges the court's finding of a significant criminal history and the court's belief the seriousness is increasing. Espinosa argues he had no contact with law enforcement from the date of his 2009 robbery true finding and his 2011 attempted murder offense. He also claims that since a weapon was used by Espinosa in the robbery, but that he did not personally use a weapon in the attempted murder, his crimes are not of increasing seriousness. We disagree.

First, Espinosa has been in frequent contact with the juvenile justice system as a result of his continued gang activity. When a true finding was made on the 2009 robbery, Espinosa was committed to the Youthful Offender Program for not more than 480 days. Thus, the trial court could reasonably conclude Espinosa's break in otherwise regular criminal conduct was attributable in part to incarceration. As to the seriousness of the various offenses, a reasonable trial judge could conclude Espinosa's current crime of attempted murder is more serious than robbery. Such conclusion is certainly not arbitrary or irrational.

Given the trial court had at least two valid factors in aggravation of the sentence, we decline to parse Espinosa's factor by factor dispute with the trial court's decision. The nature of Espinosa's criminal history and the fact the court struck a 10-year enhancement are unquestionably sufficient to justify the trial court's decision. The court was not required to accept Espinosa's proffered claim that he was at last ready to abandon his street gang lifestyle. The court could well conclude Espinosa continues to pose a risk to others and that the nine-year term of imprisonment selected, as opposed to the 15- or 19-year potential sentence, was appropriate. No abuse of discretion has been shown by this record.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

O'ROURKE, J.