Filed 7/31/14  P. v. Wilde CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID SACHIO WILDE,<br><br>Defendant and Appellant. | C075188<br><br>(Super. Ct. No. 62117728) |

A jury convicted defendant David Sachio Wilde of theft from an elder adult, forgery, second degree burglary and attempting to dissuade a witness, and defendant admitted serving three prior prison terms.  The trial court sentenced him to nine years in prison.

Defendant now contends the trial court abused its discretion in refusing to reduce his conviction for attempting to dissuade a witness from a felony to a misdemeanor,

1

resulting in the denial of his federal and state due process rights. Concluding that his contention lacks merit, we will affirm the judgment.

## BACKGROUND

Defendant's 82-year-old mother traveled to Japan in May 2012. During the trip she learned that her checking account containing $5,000 had been depleted. The mother had not given defendant or anyone else permission to draw checks on her account. Upon her return, she closed the account and opened a new one.

Auburn Police Detective Jerry Johnson interviewed the mother, who reported that defendant had been taking money from her for several years. During his investigation, Detective Johnson discovered four checks in which the mother's signature appeared to be forged. When he asked her about the checks, she explained that defendant had taken the checks from a closet in her residence while she was in Japan. Defendant admitted to Detective Johnson that he had taken the checks and had signed them because he needed money for drugs and gambling while his mother was away.

While defendant was incarcerated after his arrest, he spoke by telephone with his girlfriend and some of their conversations were recorded. The jury heard recordings of some of the conversations and received transcripts of the recordings. During the conversations, defendant urged his girlfriend to contact the mother in an effort to convince her to drop the charges. After the girlfriend spoke with the mother, the mother asked Detective Johnson to drop the charges.

The jury found defendant guilty of theft from an elder adult (Pen. Code, § 368, subd. (d)(1) -- count two),[1] forgery (§ 470, subd. (a) -- count three), second degree burglary (§§ 459, 460, subd. (b) -- counts five, six and seven), and attempting to dissuade a witness (§ 136.1, subd. (a)(2) -- count eight). The jury found defendant not guilty of

---

[1] Undesignated statutory references are to the Penal Code.

first degree burglary (§§ 459, 460, subd. (a) -- count one) and the prosecution dismissed a count charging second degree burglary (count four).  In a bifurcated proceeding, defendant admitted serving three prior prison terms.  (§ 667.5, subd. (b).)

The trial court sentenced defendant to nine years in prison, consisting of the upper term of four years on count two, the middle term of two years (§ 1170.15) on count eight, and three years for the prior prison terms.  The trial court stayed the sentences on counts three, five, six and seven pursuant to section 654.

DISCUSSION

Defendant contends the trial court abused its discretion in refusing to reduce his count eight conviction for attempting to dissuade a witness from a felony to a misdemeanor, resulting in the denial of his federal and state due process rights.

At sentencing, defense counsel asked the trial court to exercise its discretion under section 17, subdivision (b), to reduce the felony offense of attempting to dissuade a witness to a misdemeanor.  Defense counsel argued that defendant's statements urging his girlfriend to contact the mother in an effort to convince her to drop the charges were "clearly misdemeanor conduct."  The trial court impliedly denied the request when it imposed a felony sentence of two years.

Section 136.1 provides in relevant part:  "(a) . . . any person who does any of the following is guilty of a public offense and shall be punished by imprisonment in a county jail for not more than one year or in the state prison:  [¶]  (1)  Knowingly and maliciously prevents or dissuades any witness or victim from attending or giving testimony at any trial, proceeding, or inquiry authorized by law."

Defendant's offense was amenable to reduction pursuant to section 17, subdivision (b), which provides in relevant part:  "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following

3

circumstances:  [¶]  (1)  After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170."

A trial court's exercise of its sentencing discretion under section 17, subdivision (b), is informed by factors including " 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.'  [Citations.]  When appropriate, judges should also consider the general objectives of sentencing such as those set forth in California Rules of Court, rule [4.410]."  (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 978 (*Alvarez*), fn. omitted; further citations to rules are to the California Rules of Court.)  These objectives include protecting society, punishing the defendant, encouraging the defendant to lead a law-abiding life in the future, and deterring him from future offenses.  (Rule 4.410(a)(1)-(3).)  "While a defendant's recidivist status is undeniably relevant, it is not singularly dispositive."  (*Alvarez, supra,* at p. 973.)

On appeal, the " 'burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'  [Citation.]  Concomitantly, '[a] decision will not be reversed merely because reasonable people might disagree.  "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." [Citations.]'  [Citation.]"  (*Alvarez, supra*, 14 Cal.4th at pp. 977-978.)  "Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it."  (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Defendant's argument focuses on " 'the nature and circumstances of the offense.' "  (*Alvarez, supra,* 14 Cal.4th at p. 978.)  He argues he "made no attempt to

intimidate, harass, or harangue his mother into dropping the charges. Instead, he asked his girlfriend to 'beg' [his mother] to stop pressing the case against him. As a child often does, [defendant] asked his mother for help. It is hard to imagine a milder attempt to dissuade than what occurred here."

But the trial court could reasonably conclude that defendant's offense was not merely a mild request for motherly assistance. The trial court found the totality of the circumstances to be outrageous, and its discretionary decision to deny defendant's section 17, subdivision (b) request was not irrational or arbitrary.

Defendant is correct that his recidivist status is not singularly dispositive. (*Alvarez, supra,* 14 Cal.4th at p. 973.) But the record shows that the trial court did not focus solely on defendant's recidivism, but also considered, among other things, defendant's selfishness, his planning and sophistication, his mother's vulnerability, and the fact that he took advantage of a position of trust.

Nonetheless, defendant's recidivism offers further support for the trial court's ruling. As a juvenile, defendant had an adjudication of first degree burglary. As an adult, he had seven prior felony convictions and a misdemeanor conviction, and he was "at the tail end of parole" when he committed the present offenses. He violated the terms and conditions of a previous grant of probation and twice violated his parole. The trial court reasonably could find that reducing count eight to a misdemeanor would not further the objectives of protecting society, punishing defendant, encouraging him to lead a law-abiding life in the future, or deterring him from future offenses. (*Alvarez, supra,* 14 Cal.4th at p. 973; rule 4.410(a)(1)-(3).)

Regarding his " 'appreciation of and attitude toward the offense' " (*Alvarez, supra,* 14 Cal.4th at p. 978), defendant claims he "admitted his guilt regarding forgery and theft early on" and "confessed to an interviewing police officer prior to his arrest that he had forged the checks drawn on his [mother's] account." Defendant further admitted that he

5

had taken the money "[f]or gambling, drugs, car repairs or whatever" and said that he had probably gambled away far more than the $5,000 missing from his mother's account.

But defendant was less forthright with the probation officer.  Although he admitted that he " 'did something totally wrong,' " he claimed "he took the money in an attempt to help his ex-wife support their children."  In light of this false claim, the trial court could reasonably conclude that defendant's appreciation of and attitude toward the forgery and theft did not support reducing the dissuasion offense to a misdemeanor.

In any event, defendant makes no similar argument with respect to his appreciation of and attitude toward the dissuasion offense.  Even if the forgery and theft were "driven by apparent addictions to methamphetamine and gambling," the dissuasion was motivated by a desire to avoid punishment for his crimes.  The trial court did not abuse its discretion, and there was no violation of due process.

### DISPOSITION

The judgment is affirmed.

                                                            MAURO            , J.


We concur:


            RAYE            , P. J.


            BUTZ            , J.


6