Filed 1/6/21  P. v. Elsner CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TRAVIS ELSNER,<br><br>    Defendant and Appellant. | D077126<br><br><br>(Super. Ct. No. SCD282562) |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Affirmed.

Kelly E. DuFord, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

In this appeal, Travis Young Elsner challenges the trial court's decision to deny his motion to strike his serious/violent felony prior conviction (prior strike).  He contends the trial court failed to consider important facts about

his mental health history. Elsner argues the court's alleged failure was an abuse of discretion, which also denied him due process. We will find there is no basis for Elsner's claims and that the court acted well within its discretion and was fully informed when it denied the so-called *Romero*[1] motion.

FACTS AND PROCEDURAL BACKGROUND

During Pride Weekend in San Diego, Elsner vandalized a church. The church had a sign stating the church's inclusive view of the importance of tolerance for differing races, views, and preferences. Elsner wrote "Fuck you" on the sign and burned a swastika into it as well.

Elsner pleaded guilty to vandalizing a church (Pen. Code,[2] § 594.3, subd. (b)), and admitted a strike prior (§ 667, subds. (b)-(i)).

At the sentencing hearing, Elsner brought a *Romero* motion to strike the "strike prior." The court denied the motion and sentenced Elsner to the low term of 16 months, doubled to 32 months because of the prior strike.

Elsner appeals, challenging only the denial of his *Romero* motion. We will reject his challenge and affirm.

In 2012, Elsner suffered a serious felony conviction for criminal threats. The threats were to kill his mother and to engage in a mass school shooting. The trial court was aware of the facts surrounding the 2012 conviction. In his sentencing brief, Elsner further advised the court of his mental health issues and submitted two reports from psychologists discussing his current and past mental health issues. He attached a narrative from his mother's witness interview forgiving him for the prior threats and asking the court to grant Elsner probation.

---

[1]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[2]     All further statutory references are to the Penal Code.

The probation report outlined Elsner's criminal history from the time of his 2012 conviction. Elsner's social media activities dealing with various "hate" groups was also discussed at some length. Ultimately, the probation officer recommended a four-year prison term.

After hearing arguments from both sides and considering the written submissions as well as the probation officer's report, the court said:

> "Well, I have spent a lot of time thinking about the case and what is appropriate, and I just do not think that it is appropriate for me—I have discretion, I know, but I don't think it's proper to exercise my discretion to strike the strike given the nature of it with the serious specific threats that were made.

> "And in this case, although fortunately no one was hurt and the damage was minimal, any time a swastika is used in connection with groups that are discriminated against, it conveys a message that makes others fearful. And so the combination of the previous strike being similar in nature—not completely the same, but still of the same category, I just don't think it's proper to strike it, and I'm not going to.

> "But then in balancing what the appropriate sentence would be, the People certainly make sense in suggesting that this could be a middle-term case, and there certainly are sufficient aggravating factors that might justify that. But when I also look at the mental health diagnoses that he's had and the fact that nobody was actually physically harmed and the fact that he has never actually served time in prison before, I do think that the low term is appropriate. So it would be the low term doubled of 32 months."

## A. Legal Principles

Decision granting or denying so-called *Romero* motions are reviewed under the abuse of discretion standard of review. (*People v. Garcia* (1999) 20

3

Cal.4th 490, 498-499.)  We examine the decisions to determine whether the ruling " 'falls outside the bounds of reason.' "  (*People v. Williams* (1998) 17 Cal.4th 148, 162.)  The person attacking the trial court's decision bears the burden of showing the trial court abused its broad sentencing discretion.  (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977.)

## B.  Analysis

Elsner contends the court abused its discretion and denied him due process by denying his Romero motion.  His argument is difficult to understand based on this record.  Essentially, he argues the court misunderstood the facts regarding his mental status or at least failed to consider or discuss it adequately.  The argument has no sound basis in this record.

Elsner's mental history was discussed at length by the defense, the court, the probation officer's report and the defense submission, which included reports of psychologists.  The court stated it had read all materials, considered all arguments and was fully aware of Elsner's history and mental status.  To the extent Elsner would have liked more discussion leading to a different result, nothing in the court's remarks hints at lack of knowledge of facts or any arbitrary or irrational conclusions by the court.

The record shows thoughtful and careful analysis of factors for and against granting the motion.  The court, who reduced the sentence recommended by the probation officer, acted with full knowledge of relevant facts and appropriate balancing of the interests of the public as well as those of Elsner.  There was no abuse of discretion nor denial of due process.

## DISPOSITION

The judgment is affirmed.

4

HUFFMAN, Acting P. J.

WE CONCUR:


HALLER, J.


O'ROURKE, J.