Filed 1/28/14  P. v. Badillo CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FILOMENO CARLOS BADILLO,<br><br>    Defendant and Appellant. | B247244<br><br>(Los Angeles County<br>Super. Ct. No. YA062793) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Gail Ruderman Feuer, Judge.  Affirmed.

        Agopoglu Law Firm and Berc Agopoglu, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to a plea agreement, appellant Filomeno Carlos Badillo pled no contest to making criminal threats (Pen. Code, § 422).[1] He was granted probation for five years. Approximately six years later, the trial court denied appellant's motion made pursuant to section 17, subdivision (b)(3),[2] to reduce his felony to a misdemeanor. He contends the trial court abused its discretion in denying the motion. We reject the contention and affirm the judgment.

## FACTS

Although the record does not contain a transcript of the preliminary hearing, it does indicate that the trial court reviewed the preliminary hearing transcript and described the context of the offense as follows. "[T]he witness in the preliminary hearing said that [appellant] broke into her locked home with what appeared to be a semi-automatic gun, grabbed her by the shoulder, brought her by the shoulder throughout the house as part of a dispute, and held a gun to her head and threatened to kill her while he was in the bedroom, and the daughter was in the bedroom at the time. The victim's sister screamed, and then [appellant] left." The parties do not dispute the accuracy of the court's recitation of the facts.

## DISCUSSION

Attached to appellant's motion was an 11-page exhibit containing: letters and documents from his current and former employer indicating he was a highly regarded employee; a transcript from a community college he attended; a high school equivalency

---

[1] All further statutory references are to the Penal Code.

[2] In pertinent part, section 17, subdivision (b)(3) provides the trial court with discretion "on application of the defendant" to reduce a felony offense, for which probation had been granted, to a misdemeanor if that offense may be punished as a felony or a misdemeanor.

certificate; and award certificates from the Los Angeles County Unified School District. In denying appellant's motion, the trial court stated, "I have reviewed all of the papers submitted by [appellant]. I've reviewed all the letters. There are a number of letters saying that he has been employed since the crime and continuing, it appears until the present that he has been a trustworthy and good employee. Those are factors I consider. [¶] But . . . I need to consider the totality of the circumstances, including both the crime and the conduct since that time. I also can consider . . . behavior prior to the crime. . . . . I do find based on all of the information before me that there are not such extenuating circumstances that the court should reduce such a serious offense to a misdemeanor."

When defense counsel sought clarification of the ruling, the court indicated: "I have reduced many felonies to misdemeanors based on the totality of the circumstances. . . . I've reviewed everything in the file. I read the entire preliminary hearing transcript. I read the probation report. I read every letter submitted by [appellant]. After considering all of . . . things, as well as your argument . . . , the argument of the People, it is the decision of the court that it is not appropriate that this case . . . be reduced to [a] misdemeanor."

When ruling on a motion made pursuant to section 17, subdivision (b)(3), the trial court is required to give "individualized consideration of the offense, the offender, and the public interest . . . ." (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 978.) The trial court did precisely that. While appellant's conduct after being granted probation may have been laudable, the offense was aggravated by appellant: holding a gun to the victim's head; dragging the victim from one room to another; and then threatening to "kill" the victim. There is nothing in the record to indicate the trial court abused its discretion. (See *People v. Giminez*, (1975)14 Cal. 3d 68, 72 [abuse of discretion occurs when the trial court's decision is "arbitrary" or "exceeds the bounds of reason"].)

3

DISPOSITION

The judgment denying appellant's motion to reduce his criminal threats offense (Pen. Code, § 422) to a misdemeanor is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MINK, J.[*]

We concur:

TURNER, P. J.

MOSK, J.

---

[*] Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.