Filed 6/3/15  P. v. Ramirez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GONZALO LOPEZ RAMIREZ,<br><br>    Defendant and Appellant. | D065677<br><br><br><br>(Super. Ct. No. SCD248663) |

APPEAL from a judgment of the Superior Court of San Diego County, Louis R. Hanoian, Judge.  Affirmed.

The Cruz Law Office and Narciso Delgado Cruz for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Gonzalo Lopez Ramirez of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)).  Previously, Ramirez pled guilty to driving

under the influence (Veh. Code, § 23152, subd. (a)) and one count of driving without a license (Veh. Code, § 12500, subd. (a)).

The trial court granted Ramirez probation on various terms and conditions.

Ramirez appeals contending the court erred in denying his motion to suppress evidence under Penal Code[1] section 1538.5. He further contends the court erred in permitting certain cross-examination of him by the prosecutor. Finally, he contends the magistrate at the preliminary hearing erred in denying his request to reduce the drug offense to a misdemeanor under section 17, subdivision (b)(5). We will reject each of his contentions and affirm.

## STATEMENT OF FACTS

At about 2:50 a.m. on June 3, 2013, a San Diego police officer observed Ramirez drive by him. Although the officer was about 80 feet away from Ramirez's vehicle, the officer could hear loud music from the car. The officer stopped Ramirez for violating the Vehicle Code provision prohibiting loud music from cars that can be heard 50 feet away.

Ramirez was arrested for driving under the influence based on field sobriety tests and preliminary blood alcohol screening. The search of the car and the defendant's person produced .35 grams of methamphetamine in several packages.

## DISCUSSION

Ramirez contends the trial court erred in denying his motion to suppress evidence because he claims the initial stop was invalid. On this issue, as we will discuss, the

---

1      All further statutory references are to the Penal Code unless otherwise specified.

2

argument essentially challenges the credibility of the officer's testimony. Ramirez simply contends the officer could not have heard the music from more than 80 feet away. As we will discuss, the trial court resolved the credibility issue against Ramirez. Accordingly, we will reject this contention.

Next, Ramirez contends the trial court erred in permitting certain questions on cross-examination regarding the identity of the person from whom he had been buying drugs for six months prior to the offense. We will find the questions relevant to test the credibility of Ramirez's testimony on direct examination.

Finally, Ramirez challenges the magistrate's decision to deny the motion under section 17, subdivision (b)(5) without prejudice. We are puzzled with this contention, because the request was made at the end of the preliminary hearing. Thereafter the case went to trial. No motions were filed under section 995, nor did Ramirez raise the issue of reduction of the offense to a misdemeanor at the time of sentencing. It would appear that the magistrate's denial, without prejudice, and the failure to raise the issue in the trial court should amount to forfeiture on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 351.)

However, the People have responded on the merits and not raised the issue of whether the claim is cognizable on this appeal. Since the issue of forfeiture has not been raised, and the contention is plainly not meritorious, we will dispose of it on the "merits."

3

# I

## *THE MOTION TO SUPPRESS*

As we have observed, Ramirez contends the officer's testimony about the loudness of the music emanating from the car was not credible. Thus he argues there was no justification for the stop.

### A. Standard of Review

When we review a trial court's decision on a motion to suppress, we engage in a two-step process. First we review the record to determine the historical facts. In that process we apply the substantial evidence standard. Under that standard we draw all reasonable inferences in favor of the trial court's factual findings. We do not make credibility decisions, nor do we weigh competing evidence.

Once we determine there is substantial evidence to support the trial court's factual findings, we independently determine the legal effect of those facts. (*People v. Glaser* (1995) 11 Cal.4th 354, 362; *People v. Woods* (1999) 21 Cal.4th 668, 673-674; *People v. Leyba* (1981) 29 Cal.3d 591, 596-597.)

### B. Analysis

After an evidentiary hearing the trial court found the officer credible. Thus the record establishes that the officer heard loud music coming from Ramirez's car at a distance of 80 to 100 feet. Vehicle Code section 27007 prohibits a driver from allowing any amplified sound from a vehicle which can be heard from a distance of 50 feet or more. Plainly, the evidence at the suppression motion demonstrates a potential violation of the Vehicle Code, which the officer could lawfully investigate. Ramirez does not

4

challenge the officer's investigation that followed the stop.  Therefore, the trial court properly denied the motion to suppress.

## II

### *CROSS-EXAMINATION*

When he was stopped, Ramirez told the officer that the drugs found were his and that he had paid $30 per bag for them.  At trial, however, Ramirez denied telling the officer the drugs were his.  He said he did not recall the officer finding drugs in his wallet or knowing to whom the drugs belonged.  He did testify that he had used drugs and alcohol on the day of the arrest.  He also stated he had been using cocaine and methamphetamine for about six months prior to his arrest.

On cross-examination the prosecutor asked a series of questions regarding the identity of the person from whom Ramirez had purchased drugs.  Ramirez said he did not know the identity of the seller.  Defense counsel objected on relevance grounds, which objection was overruled.  The trial court did sustain an objection to one question since it was argumentative as phrased.

Ramirez contends the questions were prejudicial since they cast him as an "addict."  Thus he argues the court should have excluded the questions under Evidence Code section 352, although he did not specifically raise that section at trial.

Our direct response to the contention is that the trial court was well within its broad discretion to permit these questions.  Trial courts enjoy discretion in ruling on evidentiary issues.  We will not overturn a trial court's discretionary ruling in the absence

of a clear showing of abuse of that discretion. (*People v. Smithey* (1999) 20 Cal.4th 936, 973-974; *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124.)

To the extent anything would raise an inference of addiction it was Ramirez's own testimony that he had been using drugs for six months and that he had used drugs and alcohol on the day of his arrest. He had also contradicted the officer's testimony about his knowledge of drugs in his wallet at the time of his arrest. Clearly the prosecutor was entitled to challenge Ramirez's credibility on cross-examination. The notion that Ramirez had been purchasing cocaine and methamphetamine for six months but did not have any knowledge of where he obtained them, could cause a reasonable juror to doubt his credibility. The trial court did not abuse its discretion in ruling on the challenged questions.

III

*SECTION 17, SUBDIVISION (B)(5)*

Ramirez does not challenge the trial court's sentencing decision. Indeed, Ramirez did not ask the trial judge to reduce the offense to a misdemeanor. Rather, his challenge here is to the magistrate's decision following the completion of the preliminary hearing. At that time the magistrate declined to address the motion because he needed more information about the defendant than was available at that point. Thus, the motion was denied without prejudice.

Even assuming that we should reach a magistrate's previously unchallenged decision at this point, we are satisfied there was no error in this case. The courts have broad discretion in decisions whether to reduce so-called "wobbler" offenses to

6

misdemeanors.  We will only overturn such decision where there is a clear showing of an abuse of discretion.  (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977.)  A magistrate's decision to decline to reduce an offense at that early stage because there is not sufficient information about the defendant is not, by any stretch of the imagination, an abuse of discretion.  Rather, it seems prudent to us that the magistrate would deny the motion without prejudice so that an informed sentencing decision could be made at a later date.  The claim the magistrate abused his discretion in this case is wholly without merit.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.

7