Filed 11/17/15 P. v. Crone CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ROBERT LEE CRONE,<br><br>    Defendant and Respondent. | 2d Crim. No. B263125<br>(Super. Ct. No. 2014024337)<br>(Ventura County) |

On August 8, 2014, defendant and respondent Robert Lee Crone sat, "passed out," in the driver's seat of a parked vehicle. A baggie on the vehicle's dashboard contained 1.3 grams of methamphetamine. He was arrested and charged with felony possession of methamphetamine (Health & and Saf. Code, § 11377, subd. (a)).

The People appeal an order reducing respondent's charge to misdemeanor possession of methamphetamine. The preliminary hearing court heard and denied respondent's motion to have his offense declared to be a misdemeanor pursuant to Proposition 47 (Pen. Code, § 1170.18)[1] and held him to answer as charged (§ 872). Respondent pled not guilty. Without granting

---

[1] All statutory references are to the Penal Code unless otherwise stated.

probation, and before the entry of judgment, the trial court reduced the charge to a misdemeanor, sua sponte, pursuant to section 17, subdivision (b). The People contend, and respondent agrees, that the court lacked authority to do so. We agree and reverse the order.

Section 17, subdivision (b), provides: "When a crime is punishable, in the discretion of the court [as a felony or a misdemeanor], it is a misdemeanor for all purposes under the following circumstances: (1) After a judgment imposing a punishment[.] (2) When the court, upon committing the defendant to the Division of Juvenile Justice[.] (3) When the court grants probation to a defendant without imposition of sentence and . . . declares the offense to be a misdemeanor[.] (4) When the prosecuting attorney files . . . a complaint specifying that the offense is a misdemeanor[.] (5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor[.]"[2]

Thus, section 17, subdivision (b) authorizes a court to reduce certain offenses to misdemeanors under limited, specified circumstances, none of which were present in this case. Accordingly, the court lacked authority to reduce respondent's charge. "No provision of section 17, subdivision (b), authorizes the superior court judge to [reduce an offense] prior to judgment or a grant of probation." (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 973, fn. 2.) "No judgment, entry of a plea, or finding of guilt had occurred to bring [section 17,] subdivisions (b)(1) or (b)(3) into play. Nor did subdivision (b)(5) apply; the preliminary examination had already taken place and [respondent] had been held to answer pursuant to section 872." (*People v. Superior Court (Jalipour)* (2015) 232 Cal.App.4th 1199, 1205.)

_____

[2] A violation of Health and Safety Code section 11377, subdivision (a) is punishable as a misdemeanor or a felony.

2

DISPOSITION

The judgment (order reducing respondent's charge to a misdemeanor) is reversed. We vacate respondent's guilty plea. Without suggesting what the ultimate outcome should be, we direct the trial court to reinstate the felony possession of methamphetamine charge and conduct further proceedings, including hearings on the motions that respondent filed before the court reduced his charge to a misdemeanor.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J

3

Rocky J. Baio, Judge

Superior Court County of Ventura

_____


Gregory D. Totten, District Attorney, Michelle J. Contois, Deputy District Attorney, for Plaintiff and Appellant.

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, for Defendant and Respondent.