Filed 7/16/25  P. v. Trujillo CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALBERT TRUJILLO,<br><br>    Defendant and Appellant. | 2d Crim. No. B335940<br>(Super. Ct. No. NA079209)<br>(Los Angeles County) |

Albert Trujillo appeals the trial court's judgment following a recall and resentencing hearing to strike a now-invalid prior prison term enhancement.  (Pen. Code, §§ 1172.75, 667.5, subd. (b).)[1]  We reject Trujillo's claim that the matter must be remanded because the court did not understand its sentencing discretion.  We modify the judgment to strike a stayed criminal street gang enhancement, however, but otherwise affirm.

This appeal concerns Trujillo's 2010 conviction of second degree murder with findings of personal firearm use and

_____

[1]All statutory references are to the Penal Code.

discharge causing death, among other findings.  Following a resentencing hearing in 2023, the trial court struck the one-year prior prison term enhancement, the five-year serious felony conviction enhancement, and the firearm use and discharge causing death enhancement.  Trujillo now contends that the court misunderstood its overall resentencing discretion because it imposed but stayed a gang enhancement that had never been charged.

### FACTUAL AND PROCEDURAL HISTORY
#### Initial Sentencing (2010)

In 2010, a jury convicted Trujillo of second degree murder and found that he personally used and discharged a firearm that caused death.  (§§ 187, 189, 12022.53, subds. (b–(d).)  The trial court then found that Trujillo had suffered a prior serious felony and strike conviction and had served a prior prison term. (§§ 667, subd. (a), 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).)

The trial court imposed a second-strike sentence of 61-years-to-life imprisonment, consisting of a doubled 15-year sentence (30 years) for second degree murder, 25 years to life for the firearm enhancement, a five-year term for the serious felony conviction, and a one-year term for the prior prison term enhancement.  The court imposed but stayed a 10-year gang enhancement pursuant to section 186.22, subdivision (b)(1)(c).

The probation report prepared for the 2010 sentencing indicates that Trujillo shot the victim during an argument the two men had concerning Trujillo's response to rival gang members.  The report described Trujillo as a hardcore gang member.  The murder prosecution, however, did not charge a gang enhancement.

2

*Section 1172.75 Resentencing (2023)*

In 2022, Trujillo petitioned the trial court to strike the prior prison term enhancement and resentence him pursuant to section 1172.75. Trujillo also requested that the court strike the five-year serious felony enhancement as well as the prior felony strike conviction pursuant to the resentencing provisions of section 1172.75, subdivision (d)(1) and (3). He suggested a sentence of 40-years-to-life imprisonment.

On November 20, 2023, the trial court held a resentencing hearing regarding the now-invalid prior prison term. Trujillo was represented by counsel, he personally appeared, and the parties presented oral and written arguments.

The trial court then struck the one-year prior prison term enhancement, the five-year prior serious felony enhancement, and the firearm enhancement of section 12022.53, subdivision (d) (personal firearm use and discharge causing death). The court imposed the 20-year firearm enhancement of section 12022.53, subdivision (c) and a second-strike sentence of 30 years for the second degree murder conviction. The court again imposed but stayed the gang enhancement of section 186.22, subdivision (b). The court also awarded 5,093 days of custody credit and reduced Trujillo's restitution fine to $300, as well as a stayed parole revocation restitution fine. Trujillo's sentence became 50 years to life.

Trujillo appeals and contends that the trial court misunderstood its sentencing discretion. He points out that he informed the resentencing court that the prosecution did not involve gang allegations, but the court disagreed.

3

## *DISCUSSION*

Trujillo argues that the imposition of sentence for an uncharged gang enhancement reflects that the trial court did not exercise full informed sentencing discretion. He asserts that the error denied him due process of law pursuant to the federal and state Constitutions.

Section 1172.75, subdivision (a) provides that any prison term enhancement imposed prior to January 1, 2020, pursuant to section 667.5, subdivision (b), except that imposed for a prior conviction for a sexually violent offense, is legally invalid. Section 1172.75, subdivision (c) requires the trial court to recall an applicable sentence and resentence the defendant.

Section 1172.75, subdivision (d)(1) mandates the trial court to impose "a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." At resentencing, the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.,* subd. (d)(2).) The court may also consider postconviction factors, including the defendant's disciplinary record, his rehabilitation, and his age and physical condition affecting any risk for future violence, among other factors. (*Id.,* subd. (d)(3).)

The record does not affirmatively demonstrate that the trial court misunderstood or misapplied the law. We presume that the trial court knows and understands the sentencing laws and the options available for sentencing. (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042; *Ross v. Superior Court* (1977) 19 Cal.3d 899, 913-914.) We also presume the court acts to achieve

4

legitimate sentencing objectives.  (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978.)  "Unless the record affirmatively demonstrates otherwise, the trial court is deemed to have considered all the relevant sentencing factors set forth in the rules."  (*People v. Parra Martinez* (2022) 78 Cal.App.5th 317, 322.)

The trial court must exercise an informed discretion when sentencing a defendant.  (*People v. Salazar* (2023) 15 Cal.5th 416, 419; *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  Here the record reflects that the court understood its sentencing discretion.  The court stated that it read and considered Trujillo's resentencing memorandum, including its exhibits.  The court also heard the parties' arguments regarding Trujillo's request to dismiss his prior strike conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  The court recommended that Trujillo discuss the factors supporting the request, as set forth in *People v. Williams* (1998) 17 Cal.4th 148, 161.  Following further argument, it then denied the request.  The court also struck the serious felony and personal use of firearm causing death enhancements.  In addition, the court reduced the restitution fine and stayed the parole revocation fine.  The court did not indicate that it would have exercised further discretion to reduce sentence due to the existence of the stayed gang enhancement.  The gang enhancement was not discussed and the court did not factor it in the sentencing analysis.

*DISPOSITION*

The judgment is modified to strike the criminal street gang enhancement.  The judgment is otherwise affirmed.  The trial court shall prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


BALTODANO, J.


CODY, J.

6

Judith L. Meyer, Judge

Superior Court County of Los Angeles

_____

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.