Filed 5/26/26  P. v. Thomas CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>HUNTER DALE THOMAS,<br><br>    Defendant and Appellant. | F090302<br><br>(Super. Ct. No. BF166502E)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

James Bisnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Christopher J. Rench and Anna J. Benham, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant and defendant Hunter Dale Thomas appeals following remand for full resentencing in *Thomas I*.[1] We affirm the judgment.

## PROCEDURAL BACKGROUND

Defendant was convicted in 2021 of first degree burglary, kidnapping to commit robbery (aggravated kidnapping), first degree robbery in concert (aggravated robbery), and first degree robbery, which arose out of an early morning home invasion robbery he committed with two other men.[2] (Pen. Code, §§ 460, subd. (a) [count 1], 209, subd. (b)(1) [count 3], 213, subd. (a)(1)(A) [count 5], 212.5, subd. (a) [count 12].)[3] He was sentenced to a mandatory term of life in prison with the possibility of parole for aggravated kidnapping and a consecutive upper term of nine years for aggravated robbery. Sentences for burglary and for robbery were imposed and stayed under section 654.

In *Thomas I*, we rejected defendant's substantial evidence challenge to his conviction for aggravated kidnapping and affirmed the trial court's imposition of unstayed sentences for aggravated kidnapping and aggravated robbery based on the multiple-victims exception to section 654. However, we reversed defendant's robbery conviction because it was a lesser-included offense of aggravated robbery, and we agreed with the parties' shared position that remand for full resentencing was required in light of Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518) and Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), which effected ameliorative changes to sections 654 and 1170, respectively. (See *People v. Padilla* (2022) 13 Cal.5th 152,

---

[1] We take judicial notice of our prior nonpublished opinion in *People v. Thomas* (July 26, 2023, F083367) (*Thomas I*), in which we consolidated the separate appeals of Thomas and his codefendant, Shane Devon Carr. (Evid. Code, § 452, subd. (d), 459.)

[2] Given the issues in this appeal are confined to alleged resentencing errors, we discuss the underlying facts only to the extent necessary to resolve defendant's claims.

[3] All further statutory references are to the Penal Code unless otherwise stated.

2.

158 ["'new laws that reduce the punishment for a crime are presumptively to be applied to defendants whose judgments are not yet final'"].)

Prior to resentencing, defendant's counsel filed a statement requesting the trial court impose the lower terms for burglary (count 1) and aggravated robbery (count 5), and stay the mandatory life sentence for aggravated kidnapping (count 3) and the sentence for burglary under section 654. With respect to the lower terms, counsel argued no aggravating factors were admitted or found true beyond a reasonable doubt, defendant was under 26 years of age, and he suffered from severe childhood trauma that included physical, psychological, and sexual abuse; instability; poverty; and family polysubstance addiction. Supported by the opinion of a forensic psychologist who evaluated defendant, counsel argued defendant's convictions were "the result of poor reasoning and poor impulse control along with a yet to be met ability to bond and form relational attachment" and an "emotional developmental delay, rendering him even more incompetent than that typically associated with immature youthfulness." With respect to section 654, counsel argued it would serve the interests of justice to impose the lower term for aggravated robbery and stay the sentences on the other counts. Counsel pointed out the prosecution offered all defendants plea bargains and deemed it appropriate to offer defendant a term of nine years. However, because defendant's plea bargain offer was packaged with codefendant Carr's, he was unable to take advantage of the offer.

At the resentencing hearing, defendant's counsel argued for imposition of the lower term, but did not advance an argument for relief under section 654. The trial court resentenced defendant to life in prison with the possibility of parole for aggravated kidnapping and imposed the middle term of six years for aggravated robbery, to be served consecutively. The court imposed the middle term of four years for burglary and stayed that sentence under section 654.

Defendant timely appealed. He claims the trial court abused its discretion when it failed to make aggravated robbery the controlling term and stay his sentence for

3.

aggravated kidnapping under section 654, given the crimes occurred during the same course of conduct, and the court abused its discretion when it imposed the middle term rather than the lower term for aggravated robbery, given his age and history of childhood abuse. (§ 1170, subd. (b)(6).) He also claims defense counsel's failure to argue at the resentencing hearing that the court should select aggravated robbery as the controlling term and stay the sentence for aggravated kidnapping under section 654 constituted ineffective assistance of counsel (IAC).

We find no reversible errors and affirm the judgment.

**DISCUSSION**

**I.      Failure to Stay Aggravated Kidnapping Section Under Section 654**

Section 654, subdivision (a), provides, "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision.…" Prior to amendment, "the sentencing court was required to impose the sentence that 'provides for the longest potential term of imprisonment' and stay execution of the other term." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379, quoting § 654, former subd. (a).) As amended, the statute "provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence." (*Mani, supra*, at p. 379.)

Defendant argues the trial court's failure to select aggravated robbery as the controlling offense and stay the aggravated kidnapping sentence under section 654 was an abuse of discretion. However, "section 654 does not apply to crimes of violence against multiple victims" (*People v. Correa* (2012) 54 Cal.4th 331, 341), because "'"[a] defendant who commits an act of violence with the intent to harm more than one person or by a means likely to cause harm to several persons is more culpable than a defendant who harms only one person"'" (*ibid.*). As stated, in *Thomas I*, we determined that

4.

section 654 did not require the trial court to stay either the sentence for aggravated kidnapping or the sentence for aggravated robbery. (*In re L.J.* (2021) 72 Cal.App.5th 37, 46 ["'[t]he multiple victim exception, simply stated, permits one unstayed sentence per victim of all the violent crimes the defendant commits incidental to a single criminal intent'"].)

We presume that a judgment or order of the trial court is correct (*People v. Giordano* (2007) 42 Cal.4th 644, 666), and the moving party bears the burden of demonstrating error on appeal (*People v. Gamache* (2010) 48 Cal.4th 347, 378). Although defendant filed a written request prior to the sentencing hearing seeking to have the trial court exercise its discretion under Assembly Bill 518 on remand, the argument advanced was very brief and general, and it did not address this court's conclusion in *Thomas I* that section 654 did not apply to the sentences for aggravated robbery and aggravated kidnapping. Viewed in the context of the determination made in *Thomas I*, defendant fails to articulate the legal basis for a claim that he was entitled to have his sentence for one of these two crimes stayed under section 654 and the court abused its discretion in failing to select aggravated kidnapping as the sentence to stay. (*Trinity Risk Management, LLC v. Simplified Labor Staffing Solutions, Inc.* (2021) 59 Cal.App.5th 995, 1008 ["[F]ailure to offer reasoned analysis of [an] issue constitutes a waiver. ""When an appellant fails to raise a point, or *asserts it but fails to support it with reasoned argument and citations to authority*, we treat the point as waived."'"].)

Even if we were to assume a viable legal basis for defendant's claim of error for the purpose of resolving it in this appeal, "'[t]he burden is on the party attacking the sentence to clearly show that [a] sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'" (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977–978 (*Alvarez*); accord, *People v. Carmony* (2004) 33 Cal.4th

5.

367, 376-377 (*Carmony*).)  The mere disagreement with a trial court's exercise of its sentencing discretion, which is all that is argued here, will not support a claim that the court abused its discretion.  (*Alvarez, supra*, at p. 978; accord, *Carmony, supra*, at p. 377.)  Accordingly, we find no reversible error.

## II.    Failure to Impose Lower Term for Aggravated Robbery

Next, defendant, who was 24 years old at the time of the crimes, argues the trial court should have imposed the lower term instead of the middle term for aggravated robbery, in light of his youth and evidence of his childhood trauma.

As amended by Senate Bill 567, effective January 1, 2022, section 1170, subdivision (b), provides, in relevant part:

> "(1)    When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).

> "(2)    The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.  Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements.  The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense.

> "(3)    Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.  This paragraph does not apply to enhancements imposed on prior convictions.  [¶] … [¶]

> "(6)    Notwithstanding paragraph (1), and unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice,

6.

the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense:

"(A)   The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence.

"(B)   The person is a youth or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense.

"(C)   Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking.

"(7)   Paragraph (6) does not preclude the court from imposing the lower term even if there is no evidence of those circumstances listed in paragraph (6) present."  (§ 1170, subd. (b)(1)–(3), (6)–(7).)

The trial court was aware of defendant's age and claim of childhood trauma, and his request for imposition of the lower term, but in balancing the aggravating and mitigating circumstances, found the middle term appropriate.  Defendant claims that in view of his age and childhood trauma, the court was required to impose the lower term. We disagree.

In *Hilburn*, the Court of Appeal explained, "[T]he language and framework of the amended law makes clear the Legislature intended to maintain the sentencing court's discretion to impose the middle term even if it finds the defendant falls within one of the three categories of section 1170, subdivision (b)(6)."  (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 204.)  "[T]he imposition of the low term becomes presumptive only after the sentencing court makes findings in addition to those supporting the jury's verdict.  Under the amended statute, the low term is presumed only if the sentencing court first finds the defendant falls into one of the three special categories set forth in section 1170, subdivision (b)(6) *and*, second, finds that circumstance was a contributing factor in the commission of the offense."  (*Id.* at pp. 204–205, italics added.)  "All that was required of the court in selecting the middle term was '[to] set forth on the record the

7.

facts and reasons for choosing the sentence imposed' 'at the time of sentencing'" (*People v. Sarmiento-Zuniga* (2025) 108 Cal.App.5th 1216, 1226, quoting § 1170, subds. (b)(5), (c); see Cal. Rules of Court, rule 4.420(d) ["In selecting between the middle and lower terms of imprisonment, the sentencing judge may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision. The court may consider factors in aggravation and mitigation, whether or not the factors have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by a jury or the judge in a court trial. The relevant circumstances may be obtained from the case record, the probation officer's report, other reports and statements properly received, statements in aggravation or mitigation, and any evidence introduced at the sentencing hearing."].)

Thus, although defendant was under 26 years of age and he presented evidence of childhood trauma, he was not *entitled* to imposition of the lower term. Defendant points to no evidence that his age or trauma was a contributing factor to his crimes. (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765 ["The mere fact a defendant is young or has suffered past trauma is insufficient—either or both must be 'a contributing factor in the commission of the offense' for the low term presumption to apply."] As stated, we will not presume sentencing error (*Alvarez, supra*, 14 Cal.4th at pp. 977–978), and the record does not support defendant's claim that the trial court abused its discretion under section 1170.

## III.    IAC Claim

Finally, defendant claims that defense counsel rendered IAC, if we assume she had a duty to alert the trial court during oral argument to his request that his sentence for aggravated kidnapping be stayed under section 654.

To prevail on a constitutional claim of IAC, defendant "'must satisfy a two-pronged showing: that counsel's performance was deficient, and that [he] was prejudiced, that is, there is a reasonable probability the outcome would have been

8.

different were it not for the deficient performance.'" (*People v. Woodruff* (2018) 5 Cal.5th 697, 736 (*Woodruff*), quoting *People v. Alexander* (2010) 49 Cal.4th 846, 888; accord, *Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*).) "'[T]he standard for judging counsel's representation is a most deferential one.' (*Harrington v. Richter* (2011) 562 U.S. 86, 105 (*Richter*).) We 'must indulge a "strong presumption" that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight.' (*Bell v. Cone* (2002) 535 U.S. 685, 702.) 'Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.' (*Richter*, at p. 105.)" (*In re Long* (2020) 10 Cal.5th 764, 773.)

Therefore, a "defendant's burden [is] 'difficult to carry on direct appeal,' as a reviewing court will reverse a conviction based on [IAC] on direct appeal only if there is affirmative evidence that counsel had ""'no rational tactical purpose'"" for an action or omission." (*People v. Mickel* (2016) 2 Cal.5th 181, 198, quoting *People v. Lucas* (1995) 12 Cal.4th 415, 437.) "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (*Strickland, supra*, 466 U.S. at p. 690; accord, *People v. Barrett* (2012) 54 Cal.4th 1081, 1105.)

In this case, defendant fails to demonstrate any error. Counsel filed a written request for sentencing relief under sections 654 and 1170, subdivision (b)(6), supported by the report of a forensic psychologist and by witness statements relating to defendant's family trauma, and during the resentencing hearing, she focused on arguing for imposition of the lower term. However, the trial court previously determined that it was not required to apply section 654 to defendant's convictions for aggravated kidnapping and aggravated robbery, and that finding was affirmed on appeal in *Thomas I* based on the multiple-victims circumstance.

We presume "counsel's actions fall within the broad range of reasonableness, and afford 'great deference to counsel's tactical decisions.'" (*People v. Mickel, supra*, 2 Cal.5th at p. 198.) Counsel was familiar with the facts and history of this case, and given this court's determination in *Thomas I* that the multiple-victims exception to section 654 applied to aggravated kidnapping and aggravated robbery, counsel may very reasonably have made the tactical determination that defendant's interests were best served by limiting oral argument to attempting to secure the lower term for aggravated robbery. Counsel was not required to pursue futile or frivolous lines of argument (*People v. Bell* (2019) 7 Cal.5th 70, 126), and we find no support in the record for the claim that although counsel filed a written statement seeking relief under section 654 as amended by Assembly Bill 518, her decision to argue only for the lower term during the hearing constituted deficient performance. Nor, under these circumstances, is there any support for the argument that had counsel asked for relief under section 654 during the hearing, "'there is a reasonable probability the outcome would have been different ….'" (*Woodruff, supra*, 5 Cal.5th at p. 736.)

## DISPOSITION

The judgment is affirmed.


MEEHAN, J.

WE CONCUR:


HILL, P. J.


LEVY, J.

10.